# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOE ANGELO REYNOLDS,

Defendant-Appellant.

UNPUBLISHED
October 10, 2017

No. 332679
Oakland Circuit Court
LC No. 2015-256600-FC

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of armed robbery, MCL 750.529. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 9 to 30 years' imprisonment. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there is insufficient evidence to convict him of armed robbery because the evidence does not demonstrate that defendant had a weapon. We disagree.

This Court reviews a challenge to the sufficiency of the evidence de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). The evidence is reviewed "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). It is the role of the trier of fact to weigh evidence and evaluate the credibility of witnesses. *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008).

The elements of armed robbery arise from a combined reading of MCL 750.529 and MCL 750.530. *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007). To establish the elements of armed robbery, the prosecution must demonstrate that:

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or

-1-

represented orally or otherwise that he or she was in possession of a dangerous weapon. [*Id.* at 7-8 (citations omitted).]

The phrase "in the course of committing a larceny" is defined by MCL 750.530(2) and includes " 'acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.' " *Chambers*, 277 Mich App at 7 n 5, quoting MCL 750.530(2). The elements of larceny are "(a) a trespassory taking and (b) the carrying away (c) of the personal property (d) of another (e) with intent to steal that property." *People v March*, 499 Mich 389, 401; 886 NW2d 396 (2016). In addition, "when an intended robber is in possession of, appears to be in possession of, or represents that he is in possession of a dangerous weapon as stated in MCL 750.529, that person may be guilty of armed robbery even if the larcenous taking is not completed." *People v Williams*, 491 Mich 164, 183; 814 NW2d 270 (2012).

Viewed in the light most favorable to the prosecution, there was sufficient evidence for the jury to find defendant guilty of armed robbery beyond a reasonable doubt. Defendant was in the process of attempting to commit a larceny when he told the victim, Mayonaka Bray-Pointer, to "give [him] the money" and to "hurry up." Defendant used force or violence against Bray-Pointer as evidenced by her testimony describing how defendant poked her with a knife. Defendant assaulted Bray-Pointer, and she suffered an injury when the knife punctured her skin. Defendant also put Bray-Pointer in fear. She testified that she was going to give defendant the money because she was scared, and she did not want to let him into the bulletproof enclosure around the gas station cash register because she did not know what defendant would do. Thus, the first element of armed robbery is met.

Defendant takes issue with the second element of armed robbery on appeal. Defendant argues the evidence was insufficient to demonstrate that he was armed with a weapon. However, direct and circumstantial evidence indicate that defendant had a knife. Bray-Pointer testified that defendant had a knife in his hand, not a cell phone, and that she saw the silver tip. She said she was "for sure" that it was a knife. Also, Bray-Pointer suffered an injury from the knife. The picture of Bray-Pointer's injury demonstrates that her skin was cut and she was bleeding. This cut is on her right arm near her elbow—the location where she felt a poke. Furthermore, the security camera stills from that night place defendant at the gas station on the date and at the time of this incident. The stills also show defendant's white Grand Prix driving away. According to Detective Christopher Belling, defendant admitted that it was him in the video at the gas station and that the white Grand Prix was his vehicle. When the police located this vehicle, two knives were found. One knife was photographed as being stuck between the driver's seat and the center console. Defendant admitted that the knives were his and that he knew they were in the car. Thus, there is sufficient evidence to find that defendant possessed a dangerous weapon.

In addition, the evidence proved that, at the very least, defendant "possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon." *Chambers*, 277 Mich App at 7. The evidence demonstrates that Bray-Pointer believed that defendant had something that was a dangerous weapon. She testified that she felt the poke in her arm, was injured, and saw a silver tip. She also testified that she was scared of what defendant might do. The security camera stills show Bray-Pointer lean back and

away from defendant, indicating that she is fearful. Thus, the evidence proves that defendant at least fashioned an article as a weapon, satisfying the second element of armed robbery.

Furthermore, defendant's actions after the robbery demonstrate his consciousness of guilt. "A jury may infer consciousness of guilt from evidence of lying or deception." *People v Unger*, 278 Mich App 210, 227; 749 NW2d 272 (2008). Consciousness of guilt is also demonstrated by evidence of flight, which includes fleeing from the scene of the crime. *Id.* at 226, quoting *People v Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003). Defendant told Detective Belling that he ran to his car. The stills show defendant's vehicle leaving the gas station shortly after Bray-Pointer reached the parking lot. His car was found parked and abandoned about a mile away from the gas station at apartments where defendant did not live. Defendant told Belling that he left his car there and went to the nearby school at around 5:00 a.m. Defendant also told Belling that he lost the gloves he was wearing at the school—gloves that were apparent in the stills. The fact that defendant fled from the scene and abandoned his car demonstrates his consciousness of guilt regarding the robbery.

## II. OV 1 AND OV 2

Defendant argues that the trial court erred in scoring OV 1, MCL 777.31, and OV 2, MCL 777.32, because the evidence failed to demonstrate that he possessed a knife during the robbery. We disagree.

To preserve an evidentiary challenge to the scoring of the sentencing guidelines, the challenge must be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in this Court. MCL 769.34(10); MCR 6.429(C); *People v Jones*, 297 Mich App 80, 83; 823 NW2d 312 (2012). Defendant did not challenge the scoring of OVs 1 and 2 at sentencing. In fact, both parties agreed that the guidelines were scored properly at 81 to 270 months' imprisonment. Because defendant did not challenge the scoring of OVs 1 and 2, these claims are not preserved for appeal.[1] This Court reviews unpreserved scoring challenges for plain error affecting defendant's substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). Defendant must demonstrate that " '1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of

---

[1] Although the issue is unpreserved because defendant failed to object to the scoring of the OVs, defendant did not clearly express satisfaction with the scoring of those OVs at sentencing. Instead, defendant only agreed there were no additions or corrections to the presentence investigation report. Therefore, we conclude, contrary to the prosecution's argument, that defendant did not waive this issue. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) ("When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver."); see also *People v McChester*, 310 Mich App 354, 357; 873 NW2d 646 (2015) (stating that unpreserved sentencing errors may constitute forfeiture and not waiver of those claims when scoring of the particular OV is not addressed); *People v Hershey*, 303 Mich App 330, 350-351; 844 NW2d 127 (2013) (applying the waiver doctrine less heavily in the context of sentencing errors).

the lower court proceedings.' " *Id.*, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The trial court "must use the sentencing guidelines, as provided by law." MCR 6.425(D). This means that the trial court must consult the sentencing guidelines, calculate the recommended sentencing guidelines sentence range, and take the range into account when determining a defendant's sentence. *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015). The sentencing court must score all prior record variables in addition to the OVs. MCL 777.21(1)(b); *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "The offender's offense variables score and prior record variables score are then used with the sentencing grids to determine the recommended minimum sentence range under the guidelines." *Morson*, 471 Mich at 255, citing MCL 777.21(1)(c). OVs 1 and 2 are scored for offenses categorized as a crime against a person, including armed robbery. *Id.* at 255-256, citing MCL 777.16y. Pursuant to the sentencing guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 1 concerns the "aggravated use of a weapon." MCL 777.31(1); *Morson*, 471 Mich at 256. OV 1 is scored according to the following guidelines provided in MCL 777.31(1):

(a) A firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon .........................25 points

(b) The victim was subjected or exposed to a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, harmful radioactive device, incendiary device, or explosive device ................................................................................20 points

(c) A firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon ....................................................................15 points

(d) The victim was touched by any other type of weapon.........................10 points

(e) A weapon was displayed or implied .......................................................5 points

(f) No aggravated use of a weapon occurred ...............................................0 points

Defendant was assessed 15 points under MCL 777.31(1)(c). As concluded above, sufficient evidence of defendant's possession of a knife was presented at trial to support defendant's armed robbery conviction. Bray-Pointer testified that she saw a knife in defendant's hand, and she saw the silver tip of the blade. Bray-Pointer had a reasonable apprehension of an immediate battery as she was poked with a knife or other cutting or stabbing weapon and actually suffered an injury. The picture of Bray-Pointer's injury shows that her skin was

-4-

punctured and she was bleeding. Thus, the evidence proves defendant possessed a knife, and the trial court did not err when it assessed defendant 15 points under OV 1.[2]

OV 2 involves the "lethal potential of the weapon possessed or used" during the commission of the offense. MCL 777.32(1); *People v Young*, 276 Mich App 446, 451; 740 NW2d 347 (2007). OV 2 is scored according to the following guidelines provided in MCL 777.32(1):

(a) The offender possessed or used a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, or harmful radioactive device ...................................15 points

(b) The offender possessed or used an incendiary device, an explosive device, or a fully automatic weapon........................................................................15 points

(c) The offender possessed or used a short-barreled rifle or a short- barreled shotgun....................................................................................................10 points

(d) The offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon ...........................................................................5 points

(e) The offender possessed or used any other potentially lethal weapon ...... 1 point

(f) The offender possessed or used no weapon ...........................................0 points

Defendant was assessed 5 points under OV 2 pursuant to MCL 777.32(1)(d). The evidence was sufficient to find that defendant possessed a knife or other cutting or stabbing weapon, and therefore, defendant's challenge to the scoring of OV 2 is without merit.

Affirmed.


/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[2] The prosecution argues on appeal that the trial court should have scored OV 1 at 25 points because Bray-Pointer "was cut or stabbed with a knife or other cutting or stabbing weapon." MCL 777.31(1)(a). We need not review this issue because a party cannot seek to enlarge the scope of relief received below without filing a cross appeal, which the prosecution did not do. See *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) ("[A]n appellee that has not sought to cross appeal cannot obtain a decision more favorable than was rendered by the lower tribunal.").