**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED FEBRUARY 4, 2004**

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee/
   Cross-Appellant,

v                                                              No. 120107

JOSEPH CARL WEEDER,

   Defendant-Appellant/
   Cross-Appellee.

_____

PER CURIAM

This case presents the question whether a driver charged with second-degree murder following an auto-related death must receive a negligent homicide instruction. Following *People v McIntosh*, 400 Mich 1; 252 NW2d 779 (1977), the Court of Appeals answered yes. We overrule *McIntosh* and remand to the Court of Appeals for further review.

Defendant seeks to appeal the Court of Appeals affirmance of two convictions for operating a vehicle while

under the influence of intoxicating liquor and thereby causing death, MCL 257.625(4); two convictions for first-degree fleeing and eluding, MCL 750.479a(5); and one conviction for operating a motor vehicle while license suspended, subsequent offense, MCL 257.904(3)(b). Defendant was also convicted on two counts of involuntary manslaughter, MCL 750.321, which convictions the Court of Appeals reversed. The prosecutor seeks to appeal the reversal of the involuntary manslaughter convictions. The significant question presented is whether defendant was entitled to an instruction on negligent homicide, MCL 750.324, as the Court of Appeals concluded. Because the Court of Appeals relied on *People v McIntosh*, supra, which we believe does not properly construe MCL 750.325, we vacate the Court of Appeals reversal of defendant's involuntary manslaughter convictions and remand the case to that Court for further consideration in light of this opinion. We are not persuaded that the questions presented by defendant in his application merit further review; therefore, except as discussed below, defendant's application is denied.

I

While intoxicated, defendant fled from a police officer who was attempting to effectuate a traffic stop. Defendant fled at high speeds, at times through residential areas, failed to stop at a stop sign and a traffic signal, almost

2

struck two vehicles, and eventually struck another vehicle, killing its two occupants. Defendant was charged with two counts of second-degree murder, MCL 750.317; two counts of operating under the influence and causing death; two counts of first-degree fleeing and eluding; and operating a motor vehicle with a suspended license, second or subsequent offense.

In connection with the second-degree murder charge, defendant requested jury instructions on involuntary manslaughter and negligent homicide, MCL 750.324. The trial court instructed on involuntary manslaughter as defendant requested, but refused to instruct on negligent homicide because the court did not view the evidence in the case as supporting that instruction. The jury convicted defendant of two counts of involuntary manslaughter rather than second-degree murder, and otherwise convicted defendant as charged.

The Court of Appeals agreed with defendant's lead issue on appeal that he was denied a fair trial because of the trial court's refusal to instruct on negligent homicide. The Court found *McIntosh*, to be dispositive.[1] The Court

---

[1] The Court of Appeals quoted the following from *People v McIntosh*:

"[I]f the jurors are or should be permitted to consider manslaughter committed with a motor

3

reversed defendant's manslaughter convictions and ordered that they be replaced with negligent homicide convictions, while giving the prosecutor the option of retrying defendant on the manslaughter charges. The Court rejected the rest of defendant's claims on appeal.

II

In this appeal we are concerned with the construction of MCL 750.325, which reads:

> The crime of negligent homicide shall be deemed to be included within every crime of manslaughter charged to have been committed in the operation of any vehicle, and in any case where a defendant is charged with manslaughter committed in the operation of any vehicle, if the jury shall find the defendant not guilty of the crime of manslaughter, it may render a verdict of guilty of negligent homicide.

The proper construction of a statute is an issue that we review de novo. *People v Jones*, 467 Mich 301, 304; 651 NW2d 906 (2002). Our goal in construing a statute is "to ascertain and give effect to the intent of the Legislature." *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002). If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). In

vehicle, then, pursuant to MCLA 750.325; MSA 28.557, they also should be permitted to consider negligent homicide." [Unpublished opinion per curiam, issued July 31, 2001 (Docket No. 217454), quoting *McIntosh*, at 7].

other words, when statutory language is unambiguous, judicial construction is not required or permitted because the Legislature is presumed to have intended the meaning it plainly expressed. *Id.*

III

We find MCL 750.325 clear and unambiguous. The statute plainly deems the crime of negligent homicide (MCL 750.324) to be included within every crime of manslaughter *charged* to have been committed in the operation of any vehicle. Further, the statute clearly and unambiguously allows for the conviction of negligent homicide in any case in which a defendant is *charged* with manslaughter committed in the operation of any vehicle. The Legislature twice uses the word "charged." Accordingly, for the statute to apply, a defendant must be *charged* with manslaughter committed in connection with the operation of a vehicle. Here, however, defendant was not charged with manslaughter. Defendant was charged with second-degree murder. It follows that MCL 750.325 does not apply in this case.[2]

To the extent our conclusion is inconsistent with *McIntosh*, we overrule that case. *McIntosh* concluded that because the jury had been given instructions on manslaughter

_____

[2] We recognize that we reach the same result reached in *People v Jordan*, 347 Mich 347; 79 NW2d 873 (1956), which was overruled in *McIntosh, supra*.

as a lesser offense of murder, the jury should also have been instructed on negligent homicide under MCL 750.325. The *McIntosh* Court reached this conclusion by concluding that the "better view" of MCL 750.325 "is that manslaughter committed with a motor vehicle does not have to be formally pled in an information charging murder in order for the jury to consider negligent homicide as a possible lesser offense." 400 Mich 7. In light of the clear and unambiguous use of the word "charged" in the statute, it was unnecessary for the *McIntosh* Court to consider what it thought was the "better view." However, we agree with *McIntosh* to the extent that it held that a defendant charged with the crime of murder is entitled to an instruction on manslaughter if there is the necessary evidentiary support for the instruction. Although not based on *McIntosh,* our decision in *People v Mendoza*, 468 Mich 527; 664 NW2d 685 (2003), arrived at the same result.

IV

This is not the end of the analysis, however. The result reached in *McIntosh* will still obtain if negligent homicide, MCL 750.324, is an inferior, or necessarily included lesser, offense of the charged offense of second-degree murder, and if there is the necessary evidentiary support for an instruction on negligent homicide. *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002); MCL 768.32(1).

6

The Court of Appeals did not reach these issues because it relied on *McIntosh*. Accordingly, we vacate the Court of Appeals reversal of the manslaughter convictions, and we remand this case to that Court for reconsideration of defendant's argument in light of this opinion and the principles established in *Cornell.* If, on remand, the Court of Appeals concludes that an instruction on negligent homicide was warranted in this case, it must additionally consider, pursuant to *Cornell,* whether the trial court committed error requiring reversal in failing to give the instruction.[3]

V

The foregoing discussion resolves the prosecutor's cross-appeal. In addition to that appeal, we have considered the issues in defendant's appeal. Except as discussed below, we conclude that defendant's arguments lack merit for the reasons stated by the Court of Appeals.

If on remand the Court of Appeals affirms defendant's convictions for involuntary manslaughter, it must also consider defendant's challenge to his sentences of 15 to 22½

---

[3] The circuit court considered defendant's request for an instruction on negligent homicide, but determined that the evidence did not support such an instruction. We note that an appellate court must find substantial evidence in support of a requested instruction that was not given in order to reverse. See *Cornell, supra* at 365-366.

years, which the Court did not consider in light of its reversal of the manslaughter convictions.  Further, because the Court rejected defendant's supplemental argument for a new trial (based on new evidence involving a witness's testimony in a subsequent civil proceeding), in part because it reversed defendant's manslaughter convictions, this issue should be reconsidered on remand if the Court of Appeals affirms defendant's manslaughter convictions.

VI

The Court of Appeals decision reversing defendant's manslaughter convictions is vacated, and this matter is remanded to the Court of Appeals for reconsideration of defendant's manslaughter convictions consistent with this opinion.  Defendant's remaining convictions and sentences are affirmed, except as otherwise indicated in this opinion. MCR 7.302(G)(1).

Maura D. Corrigan<br>
Elizabeth A. Weaver<br>
Clifford W. Taylor<br>
Robert P. Young, Jr.<br>
Stephen J. Markman

8

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee/
    Cross-Appellant,

v                                                              No. 120107

JOSEPH CARL WEEDER,

    Defendant-Appellant/
    Cross-Appellee.

_____

CAVANAGH, J. (*dissenting*).

I would not decide this case by an opinion per curiam. Because this case offers the opportunity to address a jurisprudentially significant issue, I prefer to grant leave to appeal so that we might avail ourselves of full briefing and argument by the parties.

Preferences aside, however, I would limit the Court of Appeals reconsideration of defendant's argument to the issue whether there was the necessary evidentiary support for the negligent homicide instruction. The majority once again extends the obiter dictum from *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002). I remain committed to the view that, when requested, a jury may be instructed on offenses inferior to the charged offense if such an instruction is supported by the evidence. *People v Mendoza*, 468 Mich 527, 549; 664 NW2d 685 (2003) (CAVANAGH, J., concurring). Because the trial court previously determined that the evidence did not support a

negligent homicide instruction, the only relevant inquiry is whether such a determination was erroneous.

                                        Michael F. Cavanagh
                                        Marilyn Kelly