684 N.W.2d 371 (2004)
262 Mich.App. 80
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Mark David SESSIONS, Defendant-Appellee.
Docket No. 251836.
Court of Appeals of Michigan.
Submitted April 13, 2004, at Lansing.
Decided May 18, 2004, at 9:10 a.m.
Released for Publication July 21, 2004.
*372 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, David L. Morse, Prosecuting Attorney, and William J. Vailliencourt, Assistant Prosecuting Attorney, for the people.
James D.A. Buttrey, Howell, for the defendant on appeal.
Before: BANDSTRA, P.J., and SAWYER and FITZGERALD, JJ.
FITZGERALD, J.
Defendant was charged with domestic violence, MCL 750.81, and with being a felon in possession of a firearm, MCL 750.224f. Plaintiff appeals by leave granted the circuit court order affirming a district court order dismissing the charge of felon in possession. We reverse and remand.
The parties stipulated the facts in the police incident report, which indicated that on February 9, 2003, at about 1:30 a.m., state troopers were dispatched to a residence where a possible domestic assault had occurred. When the troopers arrived at the residence, the complainant's mother met the troopers on the driveway and informed them that there had been an altercation between her daughter, Jamie Sessions, and defendant. When the troopers entered the house through the laundry room area, one of the officers observed a shotgun leaning against the washing machine. The troopers observed the complainant sitting in the living room and crying and holding her daughter. Defendant was sitting next to her. The incident report summarized the complainant's statement as follows:
She explained that the couple has been together for 7 years, and have been married for 5 years. They have four children together, who witnessed the assault.
Mrs. Sessions explained [that] they returned from the bar (Time Out [Bar & Grill]) where she claims the bouncers "Roughed up" Mr. Sessions. Once at home the couple started arguing over what she described as small stuff. During the argument Mr. Sessions called Mrs. Sessions a "Fat whore and a bitch." He also threatened to take the children away from her.
Mr. Sessions during this argument slapped Mrs. Sessions braking [sic] her glasses. Mrs. Sessions explained to Tpr. Williams that she did not want to press charges, and wanted him taken to his mother's house. Mrs. Sessions became evasive when details of the argument were being asked. Tpr. Williams asked her was it an open hand. She nodded her head in the affirmative. She gave permission to interview the children, who were in the basement.
Two of the older children corroborated their mother's statement regarding the altercation.
The troopers then interviewed defendant, who "appeared extremely intoxicated, and had no problem admitting he had 12 beers." Defendant acknowledged that he had an argument with complainant, but denied striking her. When defendant was *373 arrested, the troopers found three shotgun slugs in defendant's pockets. The incident report also indicated that before defendant was taken away, the complainant had informed the troopers that defendant was not supposed to have the shotgun because he had a prior felony conviction for breaking and entering. Defendant later acknowledged that the shotgun was his.
At defendant's preliminary examination, the prosecutor argued that defendant should be bound over for trial on the felon in possession charge because defendant's plea to probation violation[1] defeated any claim that he had "successfully completed all conditions of probation" as required by MCL 750.224f(1)(c). Defendant argued that he was discharged from probation after successful completion of his probationary term and the order of discharge expressly provided that he had "complied with teh [sic] terms and conditions of probation."[2] The district court agreed with defendant and dismissed the charge of felon in possession. On appeal, the circuit court affirmed the district court's dismissal of the charge.
The specific legal question presented is whether, for purposes of the felon in possession statute, a defendant can "successfully complete all conditions of probation" imposed for a conviction despite having pleaded guilty of probation violation. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. People v. Weeder, 469 Mich. 493, 497, 674 N.W.2d 372 (2004). Statutory language should be construed reasonably, keeping in mind the purpose of the act. People v. Spann, 250 Mich.App. 527, 530, 655 N.W.2d 251 (2002); Draprop Corp. v. Ann Arbor, 247 Mich.App. 410, 415, 636 N.W.2d 787 (2001). Nothing will be read into an unambiguous statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. Roberts v. Mecosta Co. Gen. Hosp., 466 Mich. 57, 63, 642 N.W.2d 663 (2002). Courts may not speculate over the probable intent of the Legislature beyond the language expressed in the statute. Cherry Growers, Inc. v. Agricultural Marketing & Bargaining Bd., 240 Mich.App. 153, 173, 610 N.W.2d 613 (2000). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. Weeder, supra at 497, 674 N.W.2d 372.
The felon in possession statute provides in relevant part:
(1) Except as provided in subsection (2),[[3]] a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:
(a) The person has paid all fines imposed for the violation.
(b) The person has served all terms of imprisonment imposed for the violation.
(c) The person has successfully completed all conditions of probation or parole *374 imposed for the violation. [MCL 750.224f(1).]
The plain and ordinary meaning of the phrase "successfully completed all conditions of probation" requires success in all conditions imposed for probation. This straightforward meaning of the phrase becomes more apparent if the words "all conditions" are removed because the probationer would then merely have to succeed in making it through the probationary period, or "successfully complete probation." In construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render any part of a statute surplusage or nugatory. People v. Borchard-Ruhland, 460 Mich. 278, 285, 597 N.W.2d 1 (1999). It is possible to give every word in MCL 750.224f(1)(c) meaning by recognizing the difference between a probationer who is discharged from probation upon successful completion of all conditions of probation and a probationer who is discharged from probation despite failing to successfully complete all conditions of probation.[4] Here, defendant failed to successfully complete a condition of his probation by failing to abstain from illegal drugs. As a result, under the plain and ordinary meaning of the statute, defendant did not meet the requirements of MCL 750.224f(1)(c).
This construction of the statute is consistent with the Legislature's intent for enacting it. The felon in possession statute "focuses on the criminal status of a possessor of a firearm," and "effectively achieve[s] the legitimate legislative purpose of keeping guns out of the hands of those most likely to use them against the public." People v. Dillard, 246 Mich.App. 163, 170, 631 N.W.2d 755 (2001). See also People v. Mayfield, 221 Mich.App. 656, 662, 562 N.W.2d 272 (1997). Here, although the consequence of holding that defendant did not successfully complete all conditions of probation will be a lifetime prohibition against possessing a firearm  which is the same consequence had his probation been revoked or had he otherwise failed to complete probation  the Legislature's intent will be carried out. That is, that a felon who has exhibited disregard for ordered society and posed a threat to public safety shall not possess firearms. Dillard, supra; People v. Swint, 225 Mich.App. 353, 374, 572 N.W.2d 666 (1997). Defendant's earlier violation of the conditions of probation and his present pending charge of domestic violence strongly suggest that this felon has a disregard for ordered society and poses a threat to public safety.
Reversed and remanded. Jurisdiction is not retained.
SAWYER, J., concurred.
BANDSTRA, P.J. (dissenting).
While agreeing with the majority's statement of the principles that guide us in this statutory construction case, I come to a different conclusion regarding the meaning of the statute.
The analysis I present here, when compared with that of the majority, illustrates that the statute is not as "clear" or "straightforward" as the majority suggests; instead, judicial construction is necessary. People v. Weeder, 469 Mich. 493, 497, 674 N.W.2d 372 (2004). The majority presents a plausible construction of the language, but certainly not one required by the words of the statute. Most notably, the majority's interpretation seems to read *375 the statute's "completed" as if it said "complied with" instead. In contrast to the majority's interpretation, I would conclude that the language in MCL 750.224f(1)(c) means that, once probation has been discharged, "all conditions of probation" have been "successfully completed" because there are simply no conditions remaining. That remains the case and subsection c remains satisfied regardless of any failure to comply with conditions of probation that might have occurred earlier, while probation was still in effect.
That construction of subsection c of the statute is at least as plausible as that of the majority. Further, it seems to comport better with the full statute and the manner in which it is structured. In its main part, subsection 1 says that the felon in possession offense can occur "until the expiration of three years after" the listed "circumstances." In subsections a and b, the listed circumstances involve points in time when prior offenders complete aspects of their penalties, i.e., when all fines have been paid and when all terms of imprisonment have been served. My interpretation of the language in subsection c has it refer to a similar point in time, i.e., when probation has been completed. That should be the triggering event under subsection c without regard to any prior failure to comply with conditions imposed during the probationary period.
Finally, I do not find that the "intent" of the legislation as referenced by the majority provides any assistance in interpreting the language at issue here. Anyone formerly convicted of a felony could be considered to have a disregard for ordered society and to be a threat to public safety. Nonetheless, the Legislature through the statute clearly provides that those felons can legally possess weapons under certain circumstances. The "intent" of the statute affords no assistance whatsoever in determining when or how the probation provision at issue here is to be satisfied.
I would affirm.
NOTES
[1] Defendant violated a condition of probation by ingesting marijuana. Defendant pleaded guilty of probation violation and Livingston Circuit Judge James T. Kallman accepted the plea and continued probation.
[2] The order of discharge signed by Livingston Circuit Judge Daniel A. Burress stated in pertinent part:

Defendant has complied with the terms and conditions of probation.
Defendant has reported as directed.
All fees and costs are paid in full.
Per a recent LEIN, ther [sic] are no pending charges or outstanding Warrants.
[3] Subsection 2 is not applicable to these facts.
[4] Indeed, a probationer can ultimately be discharged from probation despite a probation violation during the probationary period if a court chooses to continue probation rather than revoke probation and impose a period of incarceration.