# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 13, 2006

130913

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v                                                        SC: 130913
                                                         COA: 257339
                                                         Wayne CC: 04-000868-01

THOMAS EDWARD GURK,
            Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the February 16, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I agree with the Court's order to deny defendant's application for leave to appeal. I write separately to underscore the Court of Appeals' appropriate refusal to rely on *Valentine v Konteh*, 395 F3d 626 (CA 6, 2005). The Court of Appeals correctly held that lower federal court decisions are not binding on state courts when it distinguished *Valentine* from the present case. *People v Gurk,* unpublished opinion per curiam of the Court of Appeals, issued February 16, 2006 (Docket No. 257339), slip op at 2. Further, more than simply being distinguishable, I conclude that *Valentine* was wrongly decided. I agree with Judge Ronald Gilman's partial dissent in *Valentine* that "no Supreme Court case has ever found the use of identically worded and factually indistinguishable indictments *unconstitutional*." 395 F3d at 639 (emphasis original).

> Under a rule restricting prosecutions to exceedingly narrow and precise charges, a sex-abuse charge would presumptively be limited to a single instance of abuse, despite clear evidence of multiple occasions, unless the child can remember the specific time and place details for each occurrence. Such an outcome is contrary to judicial precedent and is not constitutionally required. [*Id.* at 641.]

Additionally, defendant made no motion challenging the specificity of the charges in the circuit court. Reviewing for plain error under *People v Carines*, 460 Mich 750, 764 (1999), the Court of Appeals correctly held that defendant "failed to show that the information or his convictions for five counts of CSC II violated any of his due process rights because the information, paired with the preliminary examination, provided him with constitutionally adequate notice of the charges against him . . . ." *Gurk, supra*, slip op at 3.

Moreover, under *Carines*, the alleged error was not outcome-determinative. During the bench trial, defendant contended that nothing of a sexual nature ever occurred with his eleven-year-old step-daughter. His defense did not depend on a differentiation of the counts. Because the information, combined with the proofs at the preliminary examination, gave defendant constitutionally sufficient notice of the charges, I join the order denying leave to appeal.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

I would grant leave to appeal because this case involves an important constitutional question. Contrary to Justice Corrigan's contentions, the Sixth Circuit Court of Appeals decision in *Valentine v Konteh*[1] was well reasoned. And, because this case and *Valentine* both concern the application of the Sixth and Fourteenth amendments of the federal constitution,[2] we should give careful consideration to the federal court's reasoning.

In this case, defendant was charged with and convicted of five counts of second-degree criminal sexual conduct. But the complainant was not able to indicate when the alleged abuse occurred. The extent of her specificity was that it occurred five or six times while she was in the fifth grade. The complaints against plaintiff were identical. There was no distinction between the various charges.

*Valentine* dealt with a strikingly similar situation. The court stated:

> The problem in this case is not the fact that the prosecution did not provide the defendant with exact times and places. If there had been singular counts of each offense, the lack of particularity would not have presented the same problem. Instead, the problem is that within each set of 20 counts, there are absolutely no distinctions made. Valentine was

---

[1] 395 F3d 626 (CA 6, 2005).

[2] US Const, Ams VI and XIV.

prosecuted for two criminal acts that occurred twenty times each, rather than for forty separate criminal acts. In its charges and in its evidence before the jury, the prosecution did not attempt to lay out the factual bases of forty separate incidents that took place. Instead, the 8-year-old victim described "typical" abusive behavior by Valentine and then testified that the "typical" abuse occurred twenty or fifteen times. Outside of the victim's estimate, no evidence as to the number of incidents was presented.

> Given the way Valentine was indicted and tried, it would have been incredibly difficult for the jury to consider each count on its own. The jury could not have found Valentine guilty of Counts 1-5, but not Counts 6-20. Nor could the jury have found him guilty of Counts 1, 3, 5 and 7, but not the rest. Such a result would be unintelligible, because the criminal counts were not connected to distinguishable incidents. The jury could have found him "not guilty" of some of the counts only if they reached the conclusion that the child victim had overestimated the number of abusive acts. Just as courts should not permit abuse prosecutions to be defeated due to the limited ability of child victims to remember precise temporal details, they should for similar reasons not permit multiple convictions to stand based solely on a child's numerical estimate. [*Valentine, supra* at 632-633.]

The court concluded:

> The prosecutors in this case, however, abused this wide latitude by piling on multiple identical counts. Numerous charges cannot be made out through estimation or inference. Instead, if prosecutors seek multiple charges against a defendant, they must link those multiple charges to multiple identifiable offenses. Due process requires this minimal step. Courts cannot uphold multiple convictions when they are unable to discern the evidence that supports each individual conviction. [*Id.* at 636-637.]

*Valentine* was correctly decided. When applying that decision to the case before us, we see that the prosecution has done little more than prove a single offense. But defendant received five convictions and penalties as a result of this single proof. Contrary to Justice Corrigan's claim, this does rise to the level of plain error. Due process concerns are present. The case concerns defendant's ability to submit a defense to the charges against him.

The Sixth and Fourteenth amendments require adequate notice of a charge against a defendant. *People v Jones*, 395 Mich 379, 388 (1975). Without adequate notice of each alleged offense, defendant could not raise a defense against each of them. If the claims against him contained more specificity, perhaps defendant could have presented specific alibi defenses or could have explained why an individual claim was improbable. Because of the lack of specificity, the only defense that defendant could assert was that

no abuse ever occurred. That is, this error pushed defendant into an all-or-nothing box. Nearly all other defenses were cut off.[3]

Defendant's convictions for indistinguishable offenses raise serious double jeopardy concerns. The prosecution was able to bring as many charges against him for the period in question as it chose. In the future, if the complainant remembers a specific incident during the time she was in the fifth grade, the prosecution is free to bring a new charge against defendant. Because of the lack of specificity in the earlier charges, defendant could never prove that he had already been convicted of the crime alleged in the new charge. His convictions offer him no protection. He could be convicted of the same charge over and over again.

No one is claiming that extreme specificity is required in child abuse charges. All that is claimed is that there must be enough specificity to distinguish one charge from another. The prosecution should not be allowed to pile on charges that it could not prove in separate proceedings. There must be a line drawn between unnecessary specificity and a complete lack of specificity in charges. I would grant leave to appeal to enable the court to draw that line.

---

[3] In fact, because of the lack of specificity, defendant could never explain what other defenses he lost.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 13, 2006

*Corbin R. Davis*

Clerk