*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

In re GREGG BRYAN KNIGHT.

GREGG BRYAN KNIGHT,

                    Petitioner-Appellee,

v

PEOPLE OF THE STATE OF MICHIGAN,

                    Respondent-Appellant.

FOR PUBLICATION
September 17, 2020

No.  346554
Jackson Circuit Court
Family Division
LC No.  18-002119-CZ

Before:  BOONSTRA, P.J., and TUKEL and LETICA, JJ.

LETICA, J. (*concurring*).

Given MCL 49.153's broad language, I agree with the majority that a prosecutor, who chooses to do so,[1] may appear for the State in a civil matter involving restoration of firearm rights.

---

[1] Like my colleagues, I recognize the benefits of our adversarial system while also acknowledging that our Legislature provided a non-adversarial civil process for a petitioner seeking restoration of his firearm rights following a conviction for a specified felony.  MCL 28.424(1), (3), and (4). Compare MCL 780.621(11) (creating an adversarial process requiring service on the prosecutor and providing an opportunity to contest an application to set aside a conviction).  The statute at issue in this case directs the petitioner to file the petition in the county where he resides, not necessarily the county of conviction.  MCL 28.424(1).  The statute also requires the petitioner to file a petition and places on him the burden of proving by clear and convincing evidence that five years had expired since he "paid all fines imposed for the violation resulting in the prohibition," "served all terms of imprisonment imposed for the violation resulting in the prohibition," and "successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition."  MCL 28.424(4)(b)(*i*)-(*iii*).  The petitioner must further demonstrate that his "record and reputation are such that [he] is not likely to act in a manner dangerous to the safety of other individuals."  MCL 28.424(4)(c).  The first three of these issues may be determined by

*Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections*, 199 Mich App 681, 694; 503 NW2d 465 (1993). Compare *In re Hill*, 206 Mich App 689, 692 n 1; 522 NW2d 914 (1994) (holding that the Probate Code's specific statutory provisions conferring standing on a prosecutor representing the Department of Social Services controlled over MCL 49.153's broad language). Moreover, despite the prosecutor's lack of formal intervention and because petitioner's objection to the prosecutor's standing is raised for the first time on appeal, I further agree that the prosecutor is an aggrieved party for purposes of this appeal. *Tucker v Clare Bros Ltd*, 196 Mich App 513, 518; 493 NW2d 918 (1992).

Turning to the language of the current statutory scheme, my colleagues raise an issue not addressed by the parties below. They conclude that the dispositive language from MCL 28.424(4)(b)(*iii*) is "imposed for the violation resulting in the prohibition" and that because petitioner's prison sentence was imposed for his probation violation, not for the underlying specified felony, the petition must be denied. Although I disagree with this rationale,[2] I agree that the trial court erred.

In relevant part, MCL 28.424 reads:

(1) An individual who is prohibited from possessing, using, transporting, selling, purchasing, carrying, shipping, receiving, or distributing a firearm under section 224f(2) of the Michigan penal code, 1931 PA 328, MCL 750.224f, may petition the circuit court in the county in which he or she resides for restoration of those rights.

\* \* \*

(4) The circuit court shall, by written order, restore the rights of an individual to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm or to possess, use, transport, sell, carry, ship, or distribute ammunition if the

---

reviewing court or institutional records and the fourth query can be answered from the petitioner's documentation or through direct questioning. Even so, during oral argument in this matter, the prosecutor candidly admitted that he appeared below at the circuit court's request for assistance, and, not just in this case. If, in fact, the current statutory petition process is proving problematic for the circuit courts, certainly their concerns should be brought to the Legislature's attention. Compare MCL 28.424 with ND Code Ann 62.1-02-01.1.

[2] The law is well-established that "a probation violation does 'not constitute a separate felony . . . .' " *People v Hendrick*, 472 Mich 555, 562; 697 NW2d 511 (2005), quoting *People v Kaczmarek*, 464 Mich 478, 482; 628 NW2d 484 (2001). "Rather, 'revocation of probation simply clears the way for resentencing on the original offense.' " *Id*. See also MCL 771.4 ("If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.").

circuit court determines, by clear and convincing evidence, that all of the following circumstances exist:

\* \* \*

(b) The expiration of 5 years after all of the following circumstances:

(*i*) The individual has paid all fines imposed for the violation resulting in the prohibition.

(*ii*) The individual has served all terms of imprisonment imposed for the violation resulting in the prohibition.

(*iii*) The individual has *successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition*. [Emphasis added.]

Petitioner recognizes that he did not successfully complete his probation, but he maintains that his subsequent parole discharge establishes that he successfully completed his parole. Petitioner contends that the Legislature's use of the disjunctive word "or" between the probation or parole signifies that a petitioner is eligible for restoration of his firearm rights if he successfully completes *either* all conditions of his probation *or* all conditions of his parole imposed for the violation resulting in the prohibition. On the other hand, the prosecution reads the statutory language to require a petitioner to successfully complete all conditions of probation or parole if actually imposed for the underlying specified felony conviction. Because petitioner twice violated his probation conditions, the prosecutor argues that the circuit court erred when it restored petitioner's firearm rights. In any event, the prosecutor asserts that, even if petitioner's disjunctive reading is correct, the circuit court nevertheless erred because petitioner failed to pay his court-ordered restitution. Petitioner responds that his restitution abated upon his discharge from parole, and, therefore, he successfully completed that parole condition. The circuit court granted petitioner's petition, concluding that petitioner's parole discharge was sufficient to satisfy subsection (4)(b)(*iii*).

## I. STANDARD OF REVIEW

The interpretation and application of a statute presents a question of law that we review de novo. *Menard Inc v Dep't of Treasury*, 302 Mich App 467, 471; 838 NW2d 736 (2013). Our objective is to discern and give effect to the Legislature's intent. *Id.* "The rules of statutory construction serve as guides to assist [the courts] in determining legislative intent with a greater degree of certainty." *Varran v Granneman (On Remand)*, 312 Mich App 591, 618; 880 NW2d 242 (2015). "Statutory language should be construed reasonably, keeping in mind the purpose of the statute." *Id.* "Once the intention of the Legislature is discovered, it must prevail over any conflicting rule of statutory construction." *Id.* The most reliable evidence of the Legislature's intent is "the language of the statute itself." *Menard Inc*, 302 Mich App at 471. When construing statutory language, we read "the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined." *Id.* (quotation marks and citation omitted). "Effect must be given to every word, phrase, and clause in a statute, and the court must avoid a construction that would render part of the statute surplusage or nugatory." *Id.*

at 471. "If the language is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Id.* (quotation marks and citation omitted). One rule of statutory construction is that "[t]he word 'or' generally refers to a choice or alternative between two or more things." *Id.* at 472 (quotation marks and citation omitted).

## II. ANALYSIS

### A. MCL 750.224f

MCL 28.424 operates in tandem with the criminal felon-in-possession statute, MCL 750.224f. See MCL 28.424(1) and MCL 750.224f(2)(b). Unless the circuit court restores the firearm rights of a felon convicted of a specified felony under MCL 28.424, he remains subject to criminal prosecution if he possesses a firearm. MCL 750.224f(1), (2), and (5); *People v Perkins*, 473 Mich 626, 635; 703 NW2d 448 (2005).

MCL 750.224f parallels the language in MCL 28.424, providing in pertinent part:

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation.

(2) A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(*i*) The person has paid all fines imposed for the violation.

(*ii*) The person has served all terms of imprisonment imposed for the violation.

(*iii*) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored under section 4 of 1927 PA 372, MCL 28.424.

This Court has previously addressed the question of whether a probation violation precluded the automatic restoration of firearm rights for a felon convicted of a non-specified felony

under MCL 750.224f(1)(c). In *People v Sessions*, 262 Mich App 80; 684 NW2d 371 (2004), rev'd and vacated 474 Mich 1120; 712 NW2d 718, recon den 477 Mich 883 (2006), the prosecution charged the defendant with being a felon-in-possession. The defendant contended that he had successfully completed all conditions of probation when the circuit court discharged him despite earlier continuing his probation after a probation violation. *Id*. at 83. This Court interpreted the phrase "successfully completed all conditions of probation" in MCL 750.224f(1)(c), and held that the existence of a probation violation precluded a conclusion that the individual had successfully completed probation. *Id*. at 84-86. In particular, the *Sessions* majority reasoned:

> The plain and ordinary meaning of the phrase 'successfully completed all condition or probation' requires success in *all conditions* imposed for probation. This straightforward meaning of the phrase becomes more apparent if the words 'all conditions' are removed because the probationer would then merely have to succeed in making it through the probationary period, or 'successfully complete probation.' In construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render any part of a statute surplusage or nugatory. *People v Borchard-Ruhland*, 460 Mich 278, 285; 597 NW2d 1 (1999). It is possible to give every word in MCL 750.224f(1)(c) meaning by recognizing the difference between a probationer who is discharged from probation upon successful completion of all conditions of probation and a probationer who is discharged from probation despite failing to successfully complete all conditions of probation. [*Sessions*, 262 Mich App at 85 (emphasis added).]

However, our Supreme Court reversed and vacated this Court's decision. *Sessions*, 474 Mich at 1120. The Court explained that a probation officer had stated that the defendant had complied with the conditions of his probation, that the prosecutor had failed to challenge the probation officer's statement, and, that the circuit court later adopted the probation officer's statement in an order discharging the defendant from probation.[3] *Sessions*, 474 Mich at 1120. Thus, the Court concluded that the prosecutor's subsequent contention that the defendant had not successfully completed probation was an impermissible collateral attack of the probation discharge order. *Id*. In a dissenting opinion, Justice Kelly opined that a successful completion of probation would happen when one "achieve[d] a favorable termination of all conditions of probation." *Id*. at 1121 (KELLY, J., dissenting). Justice Kelly observed that because the circuit court unconditionally discharged the defendant from probation, he achieved such a termination; he "was free from court supervision without the obligation to report to a probation officer. Therefore, he successfully completed all conditions of probation." *Id*. (KELLY, J., dissenting). Justice Kelly explained that it was "obvious . . . that a person has 'successfully' complied with all of his legal obligations because no conditions remain. Where once there were five conditions to satisfy, now there is none." *Id*. at 1121-1122 (KELLY, J., dissenting). Justice Kelly further explained that the term "successfully" was not the same as "perfectly." *Id*. at 1122 (KELLY, J., dissenting). And

---

[3] The court's order reflected the probation officer's assertion "that the defendant had 'complied with the [sic] terms and conditions of [his] probation.' " *Sessions*, 474 Mich at 1120.

Justice Kelly buttressed her conclusion by noting that the structure of the other statutory provisions referenced a distinct date for the payment of all fines and service of all terms of imprisonment, suggesting that discharge of probation was final determination that probationary conditions had been successfully completed. *Id*. at 1121-1122 (KELLY, J., dissenting).[4]

This Court recently revisited the question of the meaning of the phrase "successfully completed all conditions of probation" in *People v Parkmallory*, 328 Mich App 328 Mich App 289; 936 NW2d 877 (2019), judgment vacated 505 Mich 866; 935 NW2d 49 (2019). The question presented was whether the defendant's trial counsel was ineffective for failing to present evidence that the defendant's right to possess a firearm had been automatically restored under MCL 750.224f(1). The defendant had been convicted and sentenced to probation with credit for time served. *Id*. at 296. His probation was later closed without improvement. *Id*. Finding Justice Kelly's dissent in *Sessions* persuasive, this Court adopted it and concluded that the defendant "achieved a favorable termination of his probation" when he was unconditionally discharged. *Id*. at 297-300. Our Supreme Court subsequently vacated this Court's judgment and remanded to the circuit court to conduct a hearing to determine "whether the defendant would have been able to show . . . that he had 'paid all fines imposed for the violation,' MCL 750.224f(1)(a), or that he 'successfully completed all conditions of probation or parole imposed for the violation,' MCL 750.224f(1)(c), due to the . . . bench warrant for his 'failure to pay the balance of his Court Assessments,' including his probation supervision fees." *Parkmallory*, 505 Mich at 866.

## B. MCL 28.424

MCL 28.424(4)(b) requires the circuit court considering a petition to restore firearm rights to ensure that five years have passed since the payment of "all fines," the service of "all terms of imprisonment," and the successful completion of "all conditions of probation or parole[.]" Fines, imprisonment, and conditions of probation or parole are potential sentencing consequences arising from a felony conviction. MCL 750.506, MCL 769.1, MCL 769.5, MCL 769.31, MCL 769.34(1), and MCL 771.1(1).

Although certain conditions of probation are statutorily mandated, MCL 771.3(1), the circuit court may impose additional conditions of probation in its discretion, MCL 771.3(2)-(3). One of the statutorily mandated conditions of probation is that the probationer pay restitution. MCL 769.1a(11), MCL 771.3(1)(e), and MCL 780.766(11).

Likewise, certain parole conditions are statutorily mandated, but the Parole Board may impose other parole conditions in its discretion. MCL 791.233(3), MCL 791.234a(8), and MCL 791.236; Mich Admin Code, R 791.7730. Again, one of the statutorily mandated conditions of parole is that the parolee pay restitution if the circuit court ordered him to do so under the crime victim's rights act or the code of criminal procedure. MCL 769.1a(11), MCL 780.766(11), and MCL 791.236(5). See also Mich Admin Code, R 791.7730.

---

[4] Justice Markman indicated that while he did not "necessarily disagree with Justice Kelly's substantive analysis," he believed that the Court would "doubtlessly . . . have the opportunity to consider it in a future case." *Sessions*, 474 Mich at 1120 (MARKMAN, J., concurring).

If the circuit court imposes probation, the conditions thereof are reflected in its orders. See Mich Admin Code R 791.9920(1) and (3). Similarly, the Parole Board's parole order includes the conditions of parole. MCL 791.236(3) and (4).

During the probationary term, a probation officer may petition the court to discharge the defendant from his probation if the officer explains the reasons for his or her request. State Court Administrative Office (SCAO), *Form MC* 245 (Mar 2015). The standardized form permits the circuit court to find that either "all conditions of probation □ were □ were not successfully completed." *Id*. The form further reflects the circuit court's order that "[t]he defendant is discharged from probation supervision," but that "[a]ny unfulfilled financial obligations or conditions of sentence imposed by th[e] court can be pursued according to law." *Id*. "When a probationer is discharged upon the expiration of the probation period, or upon . . . earlier termination by order of the court, entry of the discharge [must] be made in the records of the court, and the probationer [is] entitled to a certified copy thereof." MCL 771.6.

Likewise, "[i]f a paroled prisoner has faithfully performed all of the conditions and obligations of parole for the period of time fixed in the order of parole, and has obeyed all of the rules and regulations adopted by the parole board, the prisoner has served the full sentence required. The parole board shall enter a final order of discharge and issue the paroled prisoner a certificate of discharge." MCL 791.242(1).

For most felony convictions, the circuit court is free to impose probation at the defendant's initial sentencing. MCL 771.1(1). A probationary sentence allows the defendant to remain in the community, albeit under supervision, and may include imprisonment in the county jail, MCL 771.3(2). See also MCL 769.31(1)(b)(*ii*). Parole, on the other hand, is granted by the Parole Board after the circuit court sentences the defendant to incarceration in the state prison, not probation. Parole returns the parolee to the community under supervision. When a defendant violates probation conditions, however, the circuit court may opt to revoke probation and impose imprisonment in the state prison. MCL 771.4. If it does so, parole follows.

Returning to the language of subsections (4)(b)(*i*) through (*iii*), each potential sentencing consequence—fines, imprisonment, probation, or parole—must be "imposed for the violation resulting in the prohibition." "[T]he violation resulting in the prohibition" must refer to the underlying felony conviction for the specified felony because it is that conviction that prevents the petitioner from possessing a firearm. MCL 28.424(1), MCL 750.224(f)(2), and MCL 750.224(f)(10). Therefore, if the sentencing consequence was not imposed by the circuit court or the Parole Board for the underlying specified felony conviction, it is not considered by the circuit court deciding whether to restore the petitioner's firearm rights.

Moreover, the Legislature did not require a petitioner to demonstrate that he "successfully" served all terms of imprisonment. MCL 28.424(4)(b)(*ii*). Nor did the Legislature require a petitioner to demonstrate that he completed probation or parole without reference to the conditions of probation or parole. Compare MCL 600.1099k(3) ("has successfully completed probation"), MCL 600.1098(6) ("has successfully completed probation"), and MCL 780.621(5)(b) ("[c]ompletion of probation"). Instead, the Legislature explicitly required a petitioner seeking restoration of his firearm rights to demonstrate that he had "successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition." Compare MCL

330.1134a(1)(b)-(c) ("completed all of the terms and conditions of his or her sentencing, parole, and probation"); MCL 333.18263(1)(c)(*ii*)-(*iii*) (same); MCL 333.20173a(1)(b)-(c) (same); MCL 400.734b(1)(b)-(c) (same). I can conceive of no principled reason for the Legislature to have added "successfully" to subsection (4)(b)(*iii*) other than to purposefully differentiate the mere completion of all conditions of probation or parole from the "successful" completion of all probationary or parole conditions.[5] Therefore, in order to avoid rendering part of the statute nugatory or surplusage, this Court must give some meaning or effect to the word "successfully." *Menard Inc*, 302 Mich App at 471. Terms that are not defined in a statute, as here, must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary definition for those meanings. *People v Rea*, 500 Mich 422, 429; 902 NW2d 362 (2017); *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004). "Success" is defined as a "favorable or desired outcome," and "successful" is defined "resulting or terminating in success." *Merriam-Webster's Collegiate Dictionary* (11th ed). In turn, "successfully" is an adverb used to describe how the petitioner must complete "all conditions of probation or parole imposed for the violation resulting in the prohibition" in order to have his firearm rights restored. MCL 28.424(4)(b)(*iii*).

This Court must also give meaning to "all of the following circumstances exist," including the petitioner successfully completing "all conditions of probation" if "imposed for the violation resulting in the prohibition." MCL 28.424(4). This reading is consistent with the language in MCL 28.424(4)(b)(*i*) and (*ii*), seemingly allowing for multiple fines and multiple terms of imprisonment if imposed for the violation resulting in the prohibition. In this case, for example, an additional term of imprisonment followed the jail term imposed as part of petitioner's initial probationary sentence.

This Court has recognized that MCL 750.224f, and, by logical extension, MCL 28.424, "aims to protect the public from guns in the hands of convicted felons" because convicted felons are "most likely to use them against the public." See *People v Dillard*, 246 Mich App 163, 170; 631 NW2d 755 (2001) (quotation marks and citation omitted). The Legislature could certainly conclude that a convicted felon who cannot abide by probation conditions is more likely to fail to abide by other laws necessary for an ordered society. See *id*. And although some may disagree with the Legislature's assessment of the relative danger presented by a probation violation,[6] this Court "decline[s] to rewrite the plain statutory language and substitute [its] own policy decisions for those already made by the Legislature." *DiBenedetto v West Shore Hosp*, 461 Mich 394, 405;

---

[5] This was also the conclusion of the *Sessions* majority after reviewing similar phrasing in MCL 750.224f(1)(c). *Sessions*, 262 Mich App at 85. I recognize that the majority's decision in *Sessions* was vacated, and, therefore, not binding. *People v Akins*, 259 Mich App 545, 550 n 8; 675 NW2d 863 (2003) (stating that "[a]Court of Appeals opinion that has been vacated by the majority of the Supreme Court without an expression of approval or disapproval of" this Court's reasoning is not precedentially binding).

[6] Taken to its logical conclusion, petitioner's alternate reading of subsection (4)(b)(*iii*) leads to an odd outcome: denial of firearm restoration rights for a parolee whose violation results in parole revocation, MCL 791.240a, but a pass for a probationer whose violation results in probation revocation, MCL 771.4. A contrary reading however has the indirect benefit of incentivizing convicted felons to fully comply with the conditions of their probation in the first instance.

605 NW2d 300 (2000). Of course, the Legislature has the prerogative to amend the statute to afford a clear path for ex-felons who violate their conditions of probation to obtain restoration of firearm rights.

Subsection (4)(b)(*iii*)'s language requires petitioner to "successfully complete[] all conditions of probation or parole imposed for the violation resulting in the prohibition." It is undisputed that the Calhoun County circuit court initially imposed a probationary sentence for petitioner's specified felony conviction along with probationary conditions. MCL 771.1(1)-MCL 771.3. It is undisputed that petitioner twice violated those probationary conditions before the Calhoun County circuit court revoked his probation and imposed a prison sentence for the violation resulting in the prohibition. MCL 771.4 and MCL 769.1. Thereafter, the Parole Board imposed a term of parole and parole conditions, MCL 791.234 and 791.236, for the violation resulting in the prohibition, MCL 791.234 and 791.236, before it discharged petitioner in 2007. In context, the statutory language of MCL 28.424(4)(b)(*i*) through (*iii*) directs the circuit court to consider whether a petitioner has fulfilled all of the potential sentencing outcomes actually imposed as the result of his specified felony conviction. Petitioner acknowledges that he failed to successfully complete all conditions of probation imposed for his specified felony conviction. His subsequent parole discharge alone does not satisfy the plain language of MCL 28.424(4)(b)(*iii*).

However, assuming arguendo that petitioner's earlier failure to successfully complete all of his probation conditions is disregarded, I would nevertheless conclude that the circuit court erred in determining that petitioner had successfully completed all of his parole conditions when he failed to pay restitution. The current record reflects that after petitioner's probation was revoked and the Calhoun County circuit court sentenced him to prison, it also ordered him to pay restitution as a condition of his parole. If ordered by the sentencing court, restitution is a statutorily mandated parole condition. MCL 769.1a(11),[7] MCL 780.766(11),[8] and MCL 791.236(5).[9] See also Mich Admin Code, R 791.7730.

Although petitioner paid a minimal amount toward satisfying the court-ordered restitution, $7,886.19 remained unpaid. Petitioner's last restitution payment was in 2002, well before the

---

[7] "If the defendant is . . . paroled . . . , any restitution ordered under this section shall be a condition of that . . . parole . . . . [T]he parole board may revoke parole if the defendant fails to comply with the order and if the defendant has not made a good faith effort to comply with the order. In determining whether to revoke . . . parole . . . , the . . . parole board shall consider the defendant's employment status, earning ability, and financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay."

[8] See footnote 7.

[9] "The parole order shall contain a condition to pay restitution to the victim of the prisoner's crime . . . if the prisoner was ordered to make restitution under the William Van Regenmorter crime victim's rights act, . . . , or the code of criminal procedure[.]"

circuit court revoked his probation in 2004.[10] Petitioner does not dispute that he failed to pay the restitution. Instead, petitioner contends that the above-cited statutes only mandate that restitution be a condition of parole, not that he actually fully pay the ordered restitution. In any event, petitioner asserts that his 2007 discharge from parole demonstrates that he "faithfully performed all of the conditions" of his parole, and, at that point, any outstanding restitution abated. MCL 791.242(1) ("If a paroled prisoner has faithfully performed all of the conditions and obligations of parole for the period of time fixed in the order of parole, and has obeyed all of the rules and regulations adopted by the parole board, the prisoner has served the full sentence required. The parole board shall enter a final order of discharge and issue the paroled prisoner a certificate of discharge.");[11] *Arkin Distrib Co v Jones*, 288 Mich App 185, 190; 792 NW2d 772 (2010) ("Following discharge from parole, [the] defendant was no longer subject to the jurisdiction of the Department of Corrections, and any remaining portion of [the] defendant's sentence, including the condition that she pay restitution, abated.").

The prosecutor responds that petitioner paid no restitution at all and that "[a]n order of restitution . . . remains effective until it is satisfied in full." MCL 769.1a(13); MCL 780.766(13). The prosecutor maintains that "[t]he right to restitution" for crime victims is a constitutional one. Const 1963, art 1, § 24(1), and MCL 791.236(5) mandates that a parole order includes "a condition to pay restitution."

In order to demonstrate that he was entitled to restoration of his firearm rights, petitioner bore the burden of establishing by clear and convincing evidence that he "successfully completed all conditions of . . . parole[.]" MCL 28.424(4)(b)(*iii*). Petitioner acknowledges that his parole order required him to pay restitution, MCL 791.236(5), and he paid none. Therefore, petitioner did not successfully complete this parole condition.

Accordingly, I agree that the circuit court erred when it granted petitioner's petition to restore his firearm rights.

/s/ Anica Letica

---

[10] The Calhoun County circuit court's register of action reflects that in September 2017, there was a "payment plan agreement," indicating that petitioner was to pay $25 each month.

[11] "[T]he clear language of MCL 791.242(1) merely indicates that the parole board is compelled to release a prisoner from parole where the prisoner has *completely* complied with *all* of the rules and conditions imposed by the parole board for the *entire* duration of his parole period. The statutory language does not otherwise place any limitations on the [Department of Corrections'] authority to discharge a prisoner from parole." *People v Holder*, 483 Mich 168, 175; 767 NW2d 423 (2009).