# Order

Michigan Supreme Court
Lansing, Michigan

July 9, 2021

159384

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

DANIEL RAY BEAN,
        Defendant-Appellee.

_____/

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

SC: 159384
COA: 342953
Muskegon CC: 17-000174-FC

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of October 4, 2019. The application for leave to appeal the February 14, 2019 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the question presented should be reviewed by this Court.

CLEMENT, J. (*dissenting*).

I respectfully dissent from this Court's order denying the prosecutor's application for leave to appeal. Because I believe that second-degree child abuse, MCL 750.136b(3)(b), is an adequate predicate "other felony" to sustain a charge of first-degree criminal sexual conduct (CSC) under MCL 750.520b(1)(c), even where the same alleged act supports both the child-abuse and the CSC charges, I would have reversed the Court of Appeals' decision.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was initially charged with third-degree CSC for allegedly sexually assaulting the then 15-year-old stepdaughter of his brother-in-law. Later, the prosecutor sought to amend the information to elevate the charge to first-degree CSC. The prosecutor set forth two alternate theories supporting the charge elevation: (1) that the sexual penetration occurred under circumstances involving the commission of any other felony, MCL 750.520b(1)(c)—namely, second-degree child abuse, MCL 750.136b(3)(b)—and (2) that defendant and the victim were related by affinity, MCL 750.520b(1)(b)(*ii*).

The district court bound defendant over on first-degree CSC under both theories. Defendant subsequently moved to quash the information at the circuit court, which granted defendant's motion on the affinity ground but rejected defendant's motion on the

other-felony ground. Both parties appealed, and the Court of Appeals granted full relief to defendant in an unpublished, per curiam opinion. This Court later granted the prosecutor's application for leave to appeal, limited to "[w]hether second-degree child abuse, MCL 750.136b(3)(b), is an adequate predicate 'other felony' to sustain a charge of CSC-I, MCL 750.520b(1)(c), when the alleged act of child abuse is a sexual penetration that is the same sexual penetration that forms the basis of the CSC-I charge." *People v Bean*, 504 Mich 975 (2019).

## II. ANALYSIS

When the Michigan Legislature reformed the state's rape laws in 1974, it redefined unlawful sexual conduct and divided such conduct into four degrees. First- and third-degree criminal sexual conduct concern unlawful sexual penetration, while second- and fourth-degree CSC concern unlawful sexual touching short of penetration. See MCL 750.520b through MCL 750.520e. The statutory scheme provides several aggravating circumstances by which conduct that would otherwise constitute fourth- or third-degree CSC may instead be deemed second- or first-degree CSC, which impose increased penalties on a defendant. See MCL 750.520b and MCL 750.520c.

MCL 750.520b(1)(c) is one such provision by which conduct that would normally constitute third-degree CSC may be elevated to first-degree CSC. The statute provides that a person is guilty of first-degree CSC when the person "engages in sexual penetration with another person . . . under circumstances involving the commission of any other felony." By categorizing these circumstances as first-degree CSC subject to increased penalties, the Legislature sought to address the "increased risks" and "debasing indignities" faced by victims who not only endure an unlawful sexual penetration, but also a coexistent felony. *People v Jones*, 144 Mich App 1, 4 (1985).

The prosecutor asks this Court to determine whether second-degree child abuse is such "any other felony" whose coexistent commission would elevate a third-degree CSC to a first-degree CSC.[1] Neither MCL 750.520b(1)(c) nor the remainder of its statutory

---

[1] As we explained in *People v Sharpe*, 502 Mich 313, 326-327 (2018):

> When interpreting a statute, our primary goal is to ascertain and give effect to the Legislature's intent. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written." *People v Weeder*, 469 Mich 493, 497; 674 NW2d 372 (2004). In so doing, we assign each word and phrase its plain and ordinary meaning within the context of the statute. *People v Kowalski*, 489 Mich 488, 498; 803 NW2d 200 (2011); MCL 8.3a. We must also avoid any

scheme defines the phrase "any other felony"; accordingly, we may refer to a dictionary to help establish its plain meaning. See *People v Rea*, 500 Mich 422, 428 (2017). Because the phrase "any other felony" is not a term of art, we use a lay dictionary to aid with interpretation. See *People v Thompson*, 477 Mich 146, 151-152 (2007). *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "any" as "every" or "unmeasured or unlimited in amount, number, or extent." We have previously recognized the same in the context of other statutory provisions. See, e.g., *In re Forfeiture of $5,264*, 432 Mich 242, 249-250 (1989); *Gibson v Agricultural Life Ins Co*, 282 Mich 282, 289 (1937). *Merriam-Webster* also defines "other" as "being the one (as of two or more) remaining or not included"; "being the one or ones distinct from that or those first mentioned or implied"; or "not the same: DIFFERENT." Pursuant to these dictionary definitions and the common understanding of these terms, "any other felony" should be understood to mean every felony different from the CSC charge.

Defendant's charge of second-degree child abuse fulfills the statutory definition of "any other felony." First, it is a felony. MCL 750.136b(4). Second, it is a felony distinct from third-degree CSC. Second-degree child abuse occurs when a "person knowingly or intentionally commits an act likely to cause serious physical or mental harm to a child regardless of whether harm results." MCL 750.136b(3)(b). In contrast, third-degree CSC occurs when a "person engages in sexual penetration with another person" and another statutorily identified circumstance is present—here, that circumstance is where "[t]hat other person is at least 13 years of age and under 16 years of age." MCL 750.520d(1)(a). These felonies do not share common elements, let alone consist of the same elements. See *People v Ream*, 481 Mich 223, 238 (2008) (adopting the test set forth in *Blockburger v United States*, 284 US 299 (1932), by which offenses are deemed not to be the same so long as each requires proof of a fact that the other does not). Accordingly, because second-degree child abuse is a felony, and it is a felony different from third-degree CSC, it constitutes "any other felony" under MCL 750.520b(1)(c).

The Court of Appeals, while apparently acknowledging that second-degree child abuse constitutes "any other felony" linguistically, reversed on the basis that "there is no separate act underlying the 'other felony[.]'" *People v Bean*, unpublished per curiam opinion of the Court of Appeals, issued February 14, 2019 (Docket Nos. 342953 and 343008), p 3. But the plain language of MCL 750.520b(1)(c) contains no such requirement. It requires only that "[s]exual penetration occurs under circumstances involving the commission of any other felony." Had the Legislature intended to impose a separate-act requirement, it could have done so. For example, the Legislature could have focused on the commission of a separate felonious act rather than the commission of

---

construction that would render any part of a statute surplusage or nugatory, if possible. *People v Rea*, 500 Mich 422, 428; 902 NW2d 362 (2017).

another felony generally. However, the Legislature did not do so, and second-degree child abuse is encompassed by the language it did choose.

Further, the rationale behind this conclusion is suspect. Citing *Jones*, the Court of Appeals reasoned that where there is no separate felonious act, the victim is not subject to the "increased risks" and "debasing indignities" that MCL 750.520b(1)(c) was designed to protect against. I disagree. If the allegations here are proven, the victim was not only subject to unlawful digital penetration, but suffered additionally the debasing indignity of having a "person who cares for, has custody of, or has authority over" her commit this act that was likely to cause her "serious physical or mental harm." MCL 750.136b(1)(d), (3)(b).[2]

The Court of Appeals also commented that "[t]he prosecution's interpretation of the statutory language would automatically elevate every CSC-III charge to CSC-I" and that "[t]his cannot be the intent of the [L]egislature." *Bean*, unpub op at 3 n 1. This is patently false. MCL 750.520d(1) provides several means by which third-degree CSC is committed. See MCL 750.520d(1)(a) through (g). Under some of these provisions, a person may commit third-degree CSC by the unlawful sexual penetration of a person over the age of 18. See, e.g., MCL 750.520d(1)(b) (stating that a person is guilty of third-degree CSC if the person engages in sexual penetration with another person and "[f]orce or coercion is used to accomplish the sexual penetration"). In that circumstance, the perpetrator cannot concurrently commit the felony of child abuse, as all degrees of child abuse require that the victim be "a person less than 18 years of age . . . ." MCL 750.136b(1)(a).

Had the Court of Appeals' statement instead narrowly posited that defining child abuse as "any other felony" under MCL 750.520b(1)(c) would elevate every third-degree

---

[2] The Court of Appeals also reasoned that *People v Waltonen*, 272 Mich App 678 (2006), requires the prosecutor to prove "a direct interrelationship between the felony and the sexual penetration," *id*. at 693, and that the prosecutor here cannot do so because the "the felony *is* the sexual penetration," *Bean*, unpub op at 3. In *Waltonen*, the Court of Appeals considered whether the unlawful sexual penetration occurred "under circumstances involving the commission of any other felony" where the other felony occurred after the sexual penetration. *Waltonen*, 272 Mich App at 679. The *Waltonen* Court interpreted the statutory phrase " 'under circumstances involving' " to require "a direct interrelationship between the felony and the sexual penetration" rather than require that the sexual penetration occur *during* the commission of the other felony. *Id*. at 692-693. The *Waltonen* Court was not presented with, and provided no analysis regarding, a situation like the one presented in this case, wherein both felonies resulted from the same alleged act. And again, the language of MCL 750.520b(1)(c) does not impose a requirement of a separate felonious act.

CSC charge brought under MCL 750.520d(1)(a)—wherein the victim "is at least 13 years of age and under 16 years of age"—it would avoid the specific issue discussed above, as the victim of a third-degree CSC under MCL 750.520d(1)(a) meets the child-abuse statute's definition of a "child." See MCL 750.136b(1)(a). However, the child-abuse statute also narrowly defines an offender as "a child's parent or guardian or any other person who cares for, has custody of, or has authority over a child regardless of the length of time that a child is cared for, in the custody of, or subject to the authority of that person." MCL 750.136b(1)(d). A person may engage in sexual penetration of a 13- to under 16-year-old child without falling in the category of offenders specified in the child-abuse statute. For example, consider the stereotypical "Romeo and Juliet" example of third-degree CSC: an 18-year-old has sexual intercourse with his 15-year-old girlfriend. While this satisfies the elements of third-degree CSC, under most circumstances, that 18-year-old perpetrator did not also commit child abuse because he does not care for, have custody of, or authority over the victim, as the child-abuse statute requires. Accordingly, every third-degree CSC under MCL 750.520d(1)(a) will not also constitute child abuse,[3] and the Court of Appeals was incorrect in so asserting.

## III. CONCLUSION

In my opinion, the Court of Appeals erred in its determination that second-degree child abuse cannot serve as a predicate "other felony" to sustain a charge of first-degree CSC under MCL 750.520b(1)(c). Second-degree child abuse satisfies the statutory language, being both a felony and a felony distinct from the charged CSC, and the remaining justifications offered by the Court of Appeals for its decision are unconvincing. Accordingly, I would have reversed the Court of Appeals' decision and ordered the reinstatement of CSC-I charges against defendant.

ZAHRA, J., joins the statement of CLEMENT, J.

---

[3] Defense counsel also posited during oral argument that every third-degree CSC charge could be elevated to first-degree CSC under MCL 750.520b(1)(c) because unlawful sexual penetration is nearly always accompanied by unlawful sexual touching, which is fourth-degree CSC. However, fourth-degree CSC is a misdemeanor, not a felony, MCL 750.520e(2), and so would not satisfy the requirement in MCL 750.520b(1)(c) that unlawful sexual penetration occur "under circumstances involving the commission of any other *felony*." (Emphasis added.)



t0706

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 9, 2021



Clerk