## PEOPLE v JONES

Docket No. 303753. Submitted June 5, 2012, at Detroit. Decided June 19, 2012, at 9:00 a.m. Leave to appeal denied, 493 Mich 918.

Jeffrey Lamar Jones was convicted by a jury of two counts of assault with intent to do great bodily harm less than murder, MCL 750.84, and one count each of assaulting, resisting, or obstructing a police officer, causing serious impairment of bodily function, MCL 750.81d(3), carjacking, MCL 750.529a, second-degree fleeing and eluding a police officer, MCL 750.479(a)(4)(a), third-degree fleeing and eluding a police officer, MCL 750.479a(3), felonious driving, former MCL 257.626c, assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), failure to stop at the scene of a personal injury accident, MCL 257.617a, operating a motor vehicle with a suspended or revoked license, MCL 257.904(1), and possession of marijuana, MCL 333.7403(2). In 1996 when defendant was a juvenile, a juvenile court judge waived jurisdiction from the juvenile court to the circuit court, thereby allowing the prosecution of defendant as an adult, MCL 712A.4(1), after which he pleaded *nolo contendere* to a charge of assault with intent to murder, MCL 750.83. Although he was convicted of a felony as an adult, that trial court exercised its discretion under former 769.1(3) and sentenced him as a juvenile. The 1996 conviction served as one of the predicate felonies to support sentencing defendant as a third-offense habitual offender, MCL 769.11. Defendant appealed.

The Court of Appeals *held*:

1. Under MCL 769.34(1) a claim of scoring error or that the trial court relied on inaccurate information when determining the sentence must be preserved by raising the issue at sentencing, in a motion for resentencing, or in a proper motion to remand in the Court of Appeals. Defendant's motion to remand for resentencing was not timely filed in the Court of Appeals and, therefore, was not a proper motion to remand. Because his claim of sentencing error was not preserved, it is reviewable for plain error affecting defendant's substantial rights.

2. When reviewing a statute, courts assume that the Legislature intended the plain meaning of clear and unambiguous lan-

guage and must enforce the statute as written. A court will not read anything into a statute that is not within the manifest intention of the Legislature as gathered from the act itself. Sentence enhancement is permitted under MCL 769.11(1) if a defendant has been convicted of two or more felonies or attempts to commit felonies. Any person who assaults another person with intent to commit the crime of murder is guilty of a felony. MCL 750.83. Defendant was properly sentenced as a third-offense habitual offender. Defendant's 1996 *nolo contendere* plea to a charge of assault with intent to murder was accepted by the circuit court following his waiver from juvenile court and he was thus clearly convicted in that court of a felony. MCL 769.11(1) allows enhancement on the basis of prior felony convictions without regard to the sentence imposed. Accordingly, defendant's 1996 adult conviction of assault with intent to murder that resulted in a juvenile sentence was correctly used as one of the predicate offenses for sentencing as an habitual offender under MCL 769.11(1).

3. There is sufficient evidence to support defendant's carjacking conviction. The police officer had attempted to remove the keys from the ignition of the officer's vehicle and arrest defendant when defendant put the car into drive and stepped on the gas pedal. Defendant's arguments on appeal regarding this conviction are erroneously based on a previous version of the carjacking statute that required that the offense occur in the presence of the person or a passenger of the person whose car was stolen. The current version of MCL 750.529a does not require that the owner or driver of the car be present inside the car at the time of the initial larceny in order for the larceny to constitute a carjacking.

Affirmed.

SENTENCES — HABITUAL-OFFENDER ENHANCEMENTS — PREDICATE OFFENSES — ADULT CONVICTIONS RESULTING IN JUVENILE SENTENCES.

Sentence enhancement is permitted under MCL 769.11(1) if a defendant has been convicted of two or more felonies or attempts to commit felonies, and that enhancement is allowed on the basis of prior felony convictions without regard to the sentence imposed for the prior felony convictions; an adult felony conviction that results in a juvenile sentence may be used as one of the predicate felony offenses for sentencing as an habitual offender.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Train-

ing, and Appeals, and *Madonna Georges,* Assistant Prosecuting Attorney, for the people.

*Jonathan B. D. Simon* for defendant.

Before: JANSEN, P.J., and CAVANAGH and HOEKSTRA, JJ.

PER CURIAM. Defendant, Jeffrey Lamar Jones, appeals as of right his jury convictions of two counts of assault with intent to do great bodily harm less than murder, MCL 750.84, and one count each of assaulting, resisting, or obstructing a police officer, causing serious impairment of bodily function, MCL 750.81d(3), carjacking, MCL 750.529a, second-degree fleeing and eluding a police officer, MCL 750.479a(4)(a), third-degree fleeing and eluding a police officer, MCL 750.479a(3), felonious driving, former MCL 257.626c, assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), failure to stop at the scene of a personal injury accident, MCL 257.617a, operating a motor vehicle with a suspended or revoked license, MCL 257.904(1), and possession of marijuana, MCL 333.7403(2).

Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 10 to 20 years' imprisonment for each conviction of assault with intent to do great bodily harm less than murder, 15 to 30 years' imprisonment for assaulting, resisting, or obstructing a police officer, causing serious impairment of bodily function, 30 to 50 years' imprisonment for carjacking, 10 to 20 years' imprisonment for second-degree fleeing and eluding a police officer, 5 to 10 years' imprisonment for third-degree fleeing and eluding a police officer, 2 to 4 years' imprisonment for felonious driving, and 2 to 4 years' imprisonment for assaulting, resisting, or obstructing a police officer. Defendant was sentenced to the time he had already served for his convictions of

failure to stop at the scene of a personal injury accident, operating a motor vehicle with a suspended or revoked license, and possession of marijuana.

Because we conclude that the enhancement of defendant's sentence was not error and that there was sufficient evidence to support defendant's carjacking conviction, we affirm.

### I. SENTENCING ENHANCEMENT

Defendant argues that the trial court erred when it sentenced him, pursuant to MCL 769.11, as a third-offense habitual offender, because one of the predicate felonies relied on by the trial court was committed by defendant when he was a juvenile, and despite having jurisdiction waived from the juvenile court to the circuit court, defendant ultimately was sentenced as a juvenile for the offense.

Claims of scoring error or that the trial court relied on inaccurate information when determining a sentence must be preserved by raising the issue at sentencing, in a motion for resentencing, or in a "proper motion to remand" filed with this Court. MCL 769.34(10). Defendant filed a motion to remand; however, the motion was not timely filed with this Court. Accordingly, defendant's motion to remand was not a "proper motion to remand," and this issue is unpreserved. See *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). We review unpreserved, constitutional error for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 764; 597 NW2d 130 (1999). Substantial rights are affected when the defendant is prejudiced, meaning the error affected the outcome of the trial. *Id.* at 763.

Resolution of the issue on appeal here requires interpretation of the statutory provision that allows

defendant's sentence to be enhanced on the basis of his habitual-offender status. Pursuant to MCL 769.11(1), upon conviction of a felony, a defendant may be subject to an enhanced sentence if he has already been "convicted of any combination of 2 or more felonies or attempts to commit felonies."

The proper construction of a statute is an issue that we review de novo. *People v Weeder*, 469 Mich 493, 497; 674 NW2d 372 (2004). The goal of statutory construction is "to ascertain and give effect to the intent of the Legislature." *Id.* (citation and quotation marks omitted). We assume that the Legislature intended the plain meaning of clear and unambiguous statutory language, and we enforce such a statute as written. *Id.*

In 1996, after jurisdiction was waived from the juvenile court to the circuit court for prosecution of defendant as an adult,[1] defendant entered a *nolo contendere* plea to a charge of assault with intent to murder, MCL 750.83. The events giving rise to defendant's plea occurred in 1994, when defendant was 16 years old. The trial court accepted defendant's plea. At that time trial courts had discretion regarding whether to sentence a juvenile waived to the circuit court as an adult or as a juvenile pursuant to MCL 769.1(3).[2] In this

---

[1] Juvenile defendants are treated like adult defendants when jurisdiction is waived pursuant to MCL 712A.4(1), which provides:

> If a juvenile 14 years of age or older is accused of an act that if committed by an adult would be a felony, the judge of the family division of circuit court in the county in which the offense is alleged to have been committed may waive jurisdiction under this section upon motion of the prosecuting attorney. After waiver, the juvenile may be tried in the court having general criminal jurisdiction of the offense.

[2] At the time of defendant's sentencing for the conviction of assault with intent to murder, former MCL 769.1(3)—later amended by 1996 PA 247, effective January 1, 1997—provided:

case, the trial court exercised its discretion and sentenced defendant as a juvenile.[3]

On appeal, defendant argues that the peculiar circumstances of this case do not permit the use of his admitted felony conviction as a predicate offense for sentencing as an habitual offender because a juvenile sentence was imposed as a result of that felony conviction. Whether an adult conviction resulting in a juvenile sentence can be used as a predicate offense for sentencing as an habitual offender pursuant to MCL 769.11 is an issue of first impression.[4]

Here, it is not disputed that the circuit court accepted defendant's *nolo contendere* plea to a charge of assault with intent to murder. Pursuant to MCL 750.83, "[a]ny person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years." Thus, it is clear that following his waiver from the juvenile court, defendant was convicted in the circuit court of a felony when the trial court accepted his plea to the charge of assault with intent to murder.

---

A judge of a court having jurisdiction over a juvenile shall conduct a hearing at the juvenile's sentencing to determine if the best interests of the juvenile and the public would be served by placing the juvenile on probation and committing the juvenile to a state institution or agency described in the youth rehabilitation services act . . . or by imposing any other sentence provided by law for an adult offender.

[3] According to defendant's presentence investigation report, defendant was committed to the Department of Social Services for placement until age 19.

[4] In support of his position, defendant relies on *People v McIntire*, 7 Mich App 133, 140; 151 NW2d 187 (1967), while the prosecution relies on *People v McGilmer*, 95 Mich App 577; 291 NW2d 128 (1980). Although both cases address peculiar issues regarding the sentencing of juveniles, a close reading of both cases reveals that neither case is directly on point or helpful to the resolution of the issue in this case.

We find the fact that MCL 769.11(1) focuses only on whether a defendant has been convicted, and does not contain any language regarding a defendant's sentence, controlling. This Court "will not read anything into a statute that is not within the manifest intention of the Legislature as gathered from the act itself; rather, the Legislature is presumed to have intended the meaning it plainly expressed." *People v St John*, 230 Mich App 644, 648; 585 NW2d 849 (1998). MCL 769.11(1) permits sentence enhancement if a defendant has been "convicted of any combination of 2 or more felonies or attempts to commit felonies." Therefore, we conclude that because defendant was convicted of two felonies before he was convicted of the instant offenses,[5] the trial court did not err when it enhanced his sentence pursuant to MCL 769.11(1).

## II. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence to sustain his conviction of carjacking. Specifically, defendant argues that the evidence does not support the conclusion that the police officer involved was present when defendant gained possession of the officer's vehicle.

We review de novo a claim of insufficient evidence. *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). The evidence is viewed in a light most favorable to the prosecution to determine whether a rational jury could find that each element of the crime was proved beyond a reasonable doubt. *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010).

---

[5] It is not disputed that defendant was also previously convicted of third-degree fleeing and eluding, "a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000, or both . . . ." MCL 750.479a(3).

Defendant's argument on appeal appears to be based on the prior version of Michigan's carjacking statute. In 2004, the Legislature amended the carjacking statute. The former version of the statute, MCL 750.529a, provided that a person was guilty of carjacking if he or she

> by force or violence, or by threat of force or violence, or by putting in fear robs, steals, or takes a motor vehicle . . . from another person, in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle . . . .

The current version of MCL 750.529a, under which defendant was charged, as amended by 2009 PA No. 128, states that

> [a] person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking . . . .

This Court's goal in construing a statute is "to ascertain and give effect to the intent of the Legislature." *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008) (quotation marks and citation omitted). We determine the Legislature's intent by the plain language of the stature, and clear and unambiguous statutes are enforced as written. *Id.*

Defendant's argument regarding the officer's presence during the offense is erroneously based on the previous version of the statute. Presence is no longer an element of the offense. When it amended the carjacking statute, the Legislature removed the phrase "in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle" and replaced it with the

phrase "any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle." We assume that when the Legislature removed the word "presence" from the carjacking statute it did so intentionally. See *People v Auto Serv Councils of Mich, Inc*, 123 Mich App 774, 787; 333 NW2d 352 (1983) ("It is reasonable to presume some intentionality in the insertion of . . . additional [statutory] language."). Accordingly, that the officer was not present inside the police cruiser at the time defendant took the cruiser is not dispositive because such presence at the time of the initial larceny is not a necessary condition for criminal liability under the amended carjacking statute.

Defendant also asserts that the officer was not lawfully attempting to recover the motor vehicle, but does not explain his basis for this assertion. Contrary to defendant's argument, the evidence established that the officer was attempting to remove the keys from the ignition and arrest defendant when defendant put the car into drive and stepped on the gas pedal. Accordingly, when viewed in the light most favorable to the prosecution, the evidence was sufficient to establish beyond a reasonable doubt that defendant was guilty of carjacking.

Defendant also claims that the officer "attacked" him first, and that defendant was acting in self-defense. Defendant does not cite any controlling authority for the assertion that an arrestee is entitled to respond with force to an officer's lawfully attempting to arrest him or her, nor does defendant point to facts on the record that would suggest that the officer was "attacking" him. Indeed, the record establishes the exact opposite. Defendant assumed control of the officer's police vehicle while the officer pursued him on foot,

close behind. The officer grabbed defendant's arm and told him to get on the ground; defendant responded by striking the officer in the face with a closed fist. The officer's actions did not constitute an "attack" because the officer was attempting to restrain defendant so that defendant could be arrested. "If a police officer lawfully arrests an individual, he may use reasonable force if that individual resists." *Tope v Howe*, 179 Mich App 91, 106; 445 NW2d 452 (1989).

Affirmed.

JANSEN, P.J., and CAVANAGH and HOEKSTRA, JJ., concurred.