# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DESHAWN CURTIS NICHOLS,

        Defendant-Appellant.

UNPUBLISHED
April 18, 2017

No. 329539
Wayne Circuit Court
LC No. 15-002386-01-FC

Before: FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction, following a bench trial, of armed robbery, MCL 750.529. Defendant was sentenced to 12 to 25 years' imprisonment. We affirm.

## I. LAY OPINION TESTIMONY

Defendant first argues that Detective Carolyn Harkins with the Romulus Police Department gave improper lay opinion testimony when she testified that defendant was the person depicted in a Rally's restaurant drive-thru surveillance video. Because defendant did not object to this testimony below, this issue is unpreserved. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). We review an unpreserved claim of error for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "Substantial rights are affected when the defendant is prejudiced, meaning the error affected the outcome of the trial." *People v Jones*, 297 Mich App 80, 83; 823 NW2d 312 (2012) (citation omitted).

MRE 701 permits lay witnesses to provide testimony in the form of an opinion if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." But "a witness cannot express an opinion on the defendant's guilt or innocence of the charged offense." *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013) (citation omitted). Even if we were to accept defendant's contention that Detective Harkins's testimony was not properly admitted into evidence and that it invaded the province of the trier of fact, we are not persuaded that plain error affecting defendant's substantial rights occurred. To meet the requirements of the plain error rule, defendant must make a showing of prejudice, in that "[any] error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763 (citation omitted). A review of the record confirms that Detective Harkins's testimony that defendant was the person depicted in the

-1-

Rally's surveillance video did not weigh significantly in the trial court's finding that defendant committed the violent armed robbery of Sherry Regits. Instead, the trial court emphasized Regits's "unequivocal identification" of defendant as the person who robbed her, the presence of defendant's DNA on a baseball hat found in the getaway vehicle, and the fact that Kyle Timbrooks, Regits's son, pursued and identified the vehicle used in the robbery. The trial court also remarked on the implausibility of defendant's version of events. Moreover, a trial court, unlike a juror, possesses an understanding of the law that allows it to decide a case solely on the basis of properly admitted evidence during a bench trial. *People v Taylor*, 245 Mich App 293, 305; 628 NW2d 55 (2001). See also *People v Wofford*, 196 Mich App 275, 282; 492 NW2d 747 (1992) (recognizing that a trial court is presumed to understand the relevant law). Accordingly, defendant has not made a showing of plain error affecting his substantial rights. *Carines*, 460 Mich at 763; *Jones*, 297 Mich App at 83.

## II. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that defense counsel was ineffective for failing to file a motion to suppress Regits's on-the-scene identification on the ground that it was impermissibly suggestive. We disagree.

Because defendant did not raise an ineffective assistance of counsel claim in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).[1] "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

Prompt on-the-scene pretrial identification procedures are "reasonable, indeed indispensable, police practices because they permit the police to immediately decide whether there is a reasonable likelihood that the suspect is connected with the crime and subject to arrest, or merely an unfortunate victim of circumstance." *People v Winters*, 225 Mich App 718, 728; 571 NW2d 764 (1997) (citation omitted); see also *People v Libbett*, 251 Mich App 353, 360-361; 650 NW2d 407 (2002) (recognizing the propriety of police officers conducting an on-the-scene pretrial identification procedure). A defendant can challenge a pretrial identification procedure on constitutional grounds if it was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [it] amount[s] to a denial of due process." *Winters*, 225 Mich App at 725 (citation omitted). A pretrial identification procedure is evaluated "in light of the totality of the circumstances" to determine whether the procedure was so impermissibly suggestive that it led to "a substantial likelihood of misidentification." *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993) (opinion by GRIFFIN, J.) (citation omitted). "If the trial court finds that

---

[1] We note that this Court denied defendant's motion seeking remand for an evidentiary hearing. *People v Nichols*, unpublished order of the Court of Appeals, entered June 2, 2016 (Docket No. 329539).

the pretrial identification procedure was impermissibly suggestive, testimony concerning that identification is inadmissible at trial[ ]" unless "an independent basis for in-court identification can be established that is untainted by the suggestive pretrial procedure." *Id.* at 303 (opinion by GRIFFIN, J). This Court has recognized the following factors are of guidance in determining whether a pretrial identification procedure was unduly suggestive:

> When examining the totality of the circumstances, relevant factors include: the opportunity for the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of a prior description, the witness' level of certainty at the pretrial identification procedure, and the length of time between the crime and the confrontation. [*People v Colon*, 233 Mich App 295, 304-305; 591 NW2d 692 (1998) (citation omitted).]

Defendant argues that the on-the-scene identification should be considered impermissibly suggestive for three reasons. First, he claims that "Regits was told by [her son Kyle Timbrooks] that the police wanted her to do an identification because they had [her assailants] in custody." However, Timbrooks testified when he went home to pick up his mother, he "simply told her she had to come up there back [sic] with [him] because the police wanted to talk to her." Although Regits first testified during direct examination by the prosecution that it was her understanding that she was going to speak to the police because the police had apprehended her assailant, she testified during cross-examination by defense counsel that she had misspoken, clarifying that she was simply told that the police had a suspect they wanted her to see. She further testified during cross-examination that she was "[n]ot necessarily[ ]" expecting to see her assailant when she went to meet with the police. Further, Regits was shown two suspects, one before defendant whom she did not identify, and defendant, which further undermines defendant's claim of an unduly suggestive pretrial identification procedure.

Defendant's second and third reasons for asserting that the pretrial identification procedure was unduly suggestive are also unconvincing. Contrary to defendant's second assertion, he was not the only person Regits was shown during the pretrial identification procedure. Regits, Timbrooks, Officer Christian Hines and Officer Aaron Hathorn with the Romulus Police Department all testified that Regits was shown two men, one before defendant and then defendant, and Regits identified defendant as the person who robbed her. Defendant further argues that the police essentially cued Regits to select him because he, "a young Black man, was standing, in handcuffs, in front of a police car surrounded by police officers[.] . . ." This argument is unpersuasive because a review of the record confirms that both suspects that Regits was shown were black males and were presented to Regits in a similar manner.[2] Moreover, Regits was able to pay attention to the person who robbed her, she easily identified defendant at the on-the-scene identification, and the on-the-scene identification took place shortly after the armed robbery. *Colon*, 233 Mich App at 305. In sum, defendant has not identified any action on the part of the police improperly suggesting that defendant was the

---

[2] The testimony of Officer Hines confirms that the other suspect was also in handcuffs when presented to Regits.

person that robbed Regits, or that the police acted for reasons other than to determine "whether there [was] a reasonable likelihood that the suspect [was] connected with the crime and subject to arrest, or merely an unfortunate victim of circumstance." *Winters*, 225 Mich App at 728 (citation omitted). Put another way, considering the totality of the circumstances, Regits's on-the-scene identification of defendant was not based on an impermissibly suggestive procedure leading to a substantial likelihood of misidentification.[3] We also note that at trial, Regits clearly and confidently identified defendant as her assailant. Accordingly, defendant cannot establish that defense counsel was ineffective for failing to move to suppress Regits's identification. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (citation omitted).[4]

## III. PROSECUTORIAL MISCONDUCT

Defendant next asserts that he was denied a fair and impartial trial because of numerous instances of prosecutorial misconduct. We disagree.

Defendant preserved his initial claim that the prosecution shifted the burden of proof by objecting in the trial court. As he acknowledges, however, he did not object to what he characterizes as the prosecution vouching for Regits, or to the prosecution eliciting Detective Harkins's lay opinion testimony. Therefore, these claims are unpreserved. *Metamora Water Serv*, 276 Mich App at 382. Although defendant objected to the admission of certain exhibits because they were untimely, he did not object on the basis that the prosecution had engaged in any misconduct in producing the evidence. "[A]n objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground. *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003) (citation omitted). Therefore, this issue also is not preserved. We review preserved claims of prosecutorial misconduct case by case, reviewing the challenged conduct in context to determine whether the defendant received a fair and impartial trial. *People v Brown*, 294 Mich App 377, 382-383; 811 NW2d 531 (2011). "Unpreserved

---

[3] While defendant points out the fallacies of eyewitness testimony in his brief on appeal, we take this opportunity to observe that DNA evidence implicated defendant in the commission of this armed robbery. Specifically, defendant's DNA was found on a baseball hat located in the vehicle used in the commission of the armed robbery.

[4] Defendant also argues that defense counsel should have objected to the lack of an independent basis for Regits's in-court identification. "The need to establish an independent basis for an in-court identification arises where the pretrial identification is tainted by improper procedure or is unduly suggestive." *People v Barclay*, 208 Mich App 670, 675; 528 NW2d 842 (1995) (citations omitted). As discussed earlier, there is no evidence in the record of an unduly suggestive pretrial identification procedure. Therefore, it was not necessary to determine whether an independent basis for Regits's in-court identification existed. As a result, defendant cannot show that defense counsel was ineffective when an objection would have been futile. *Ericksen*, 288 Mich App at 201.

claims of prosecutorial misconduct are reviewed for plain error affecting defendant's substantial rights." *Id.* at 382 (citation omitted).

As an initial matter, it is unnecessary to determine whether the prosecution engaged in misconduct by eliciting Detective Harkins's lay opinion testimony where we have concluded that no prejudice occurred as her testimony did not impact the trial court's verdict. Therefore, even if we were to credit defendant's claim that it was improper for the prosecution to elicit the testimony, appellate relief would not be warranted because any error did not affect defendant's substantial rights.

Defendant also contends that the prosecution improperly used the testimony of Officer Hathorn and Timbrooks to bolster Regits's identification testimony. Contrary to what defendant asserts, Timbrooks did not offer any testimony with regard to the certainty of Regits's identification of defendant. During the prosecution's direct examination, Timbrooks was questioned about the details of the on-the-scene identification procedure, including how the suspects were presented to Regits. Within that context, Timbrooks testified that Regits did not identify the first suspect but identified the second suspect, and Timbrooks also identified defendant at trial as the person that Regits identified. During cross-examination and redirect examination, Timbrooks was further questioned about the details of the on-the-scene identification procedure and the police officers' conduct, but, again, he was not asked, and did not offer any opinion, about the certainty of Regits's identification. Therefore, because the factual premise of defendant's claim regarding Timbrooks is flawed, we are not persuaded by defendant's claim of prosecutorial misconduct.

Likewise, we have closely reviewed the portion of Officer Hathorn's testimony where he stated that he observed Regits to be certain in her identification of defendant as the individual that robbed her. It is improper for a witness to provide an opinion regarding the credibility of another witness because credibility is a determination for the trier of fact. *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). Even if we were to agree with defendant's contention that the prosecution improperly presented this evidence, the trial court would have understood what testimony was admissible, *Wofford*, 196 Mich App at 282, and would have been aware that it remained free to determine on its own whether Regits's identification was credible. Consequently, this unpreserved claim is also unsuccessful.

With regard to the prosecution impermissibly shifting the burden of proof, during direct examination, defendant testified that he was in the area of the robbery only to visit his brother's[5] apartment and to visit his friend Chelsea's[6] apartment. We have closely reviewed the portion of defendant's testimony where the prosecution questioned him regarding why his brother and Chelsea did not testify at trial. We recognize that the prosecution may not imply that a defendant must prove something at trial because such action impermissibly shifts the burden of proof. *People v Guenther*, 188 Mich App 174, 180; 469 NW2d 59 (1991). "However, where a

---

[5] Defendant's brother's name is not discernable from the record.

[6] Chelsea's last name was not discernable from the record.

defendant testifies at trial or advances, either explicitly or implicitly, an alternate theory of the case, that, if true, would exonerate the defendant, comment on the validity of the alternate theory cannot be said to shift the burden of proving innocence to the defendant." *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995); see also *People v Godbold*, 230 Mich App 508, 521; 585 NW2d 13 (1998) (recognizing that the prosecution may challenge the strength of the defendant's case by questioning the defendant's version of what occurred). In such a situation, the prosecution may properly comment on the defendant's failure to produce corroborating alibi witnesses without shifting the burden of proof because it is merely questioning the strength of the defendant's case. *Fields*, 450 Mich at 112 (citation omitted). Implicit in the prosecution's theory at trial was that defendant was in the area of the robbery because he committed the armed robbery. Defendant's testimony implied that his brother and Chelsea possessed facts that would have corroborated his version of events, i.e., that he was only in the area of the robbery to visit them. Because defendant proffered an alternative reason for why he was in the area at the time of the armed robbery, the prosecution permissibly questioned defendant about his failure to call his brother and Chelsea as witnesses to corroborate his version of events. In doing so, the prosecution did not improperly shift the burden of proof. *Id.*

Defendant next advances a cursory argument that "there were numerous issues pretrial with late production of evidence." Other than providing citations to the record of the final conference and at trial where he objected to the admission of certain exhibits of the basis of "timeliness," defendant does not provide any argument that the late production of documents was caused by prosecutorial misconduct. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Moreover, in reviewing the citations to the record, it appears that the prosecution turned over discovery materials as soon as they were received by the prosecution. During trial, defendant confirmed that his only objection to admission of the related exhibits was the "timeliness issue." There was no argument that the prosecution engaged in any misconduct by, for example, withholding or intentionally delaying the production of evidence.[7] Consequently, this claim of prosecutorial misconduct is also unsuccessful.

We also disagree with defendant's argument that the cumulative effect of several errors denied him a fair trial. "The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal," but this Court will not grant a new trial unless the cumulative effect of such errors "undermine[s] the confidence in the reliability of the verdict. . . ." *Dobek*, 274 Mich App at 106. On this

---

[7] For example, the record reflects that the report of Andrea Young, a forensic scientist with the Michigan State Police Crime Lab's Biology Unit, was not prepared by her until July 6, 2015, shortly before defendant's trial began. There is nothing in the record to suggest that the prosecution in any way contributed in any manner to any delay in the submission of the report to defense counsel. Also, the record confirms that video surveillance of the Rally's Restaurant was not received by the prosecution from law enforcement to tender to defense counsel until shortly before trial.

record, we are not persuaded that any alleged errors prejudiced defendant to the extent that reversal of his conviction is warranted, particularly where the record evidence amply supported defendant's conviction of armed robbery.

## IV. ADDITIONAL CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, we reject defendant's arguments that he was denied the effective assistance of counsel because defense counsel failed to object to the prosecution eliciting the lay opinion testimony of Detective Harkins, or to the allegedly improper bolstering testimony from Officer Hathorn or Timbrooks. Because defendant did not raise an ineffective assistance of counsel claim in the trial court, our review of this issue is limited to mistakes apparent on the record. *Heft*, 299 Mich App at 80. While defense counsel might have offered objections to these matters, counsel also reasonably could have surmised that it was unnecessary to offer objections because defendant was being tried before the trial court, which is presumed to know the law, including the rules concerning the admissibility of evidence. *Wofford*, 196 Mich App at 282. Moreover, the trial court's findings of fact yield no indication that the trial court relied on the challenged testimony in rendering its decision to convict defendant, thus defendant cannot demonstrate a reasonable probability that, but for counsel's failure to object, the result of defendant's trial would have been different. *Nix*, 301 Mich App at 307. Accordingly, we are not persuaded that defendant was denied the effective assistance of counsel.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra