Filed 5/23/22  P. v. Porter CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B313410 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA151840) |
| v. | |
| DARRELL CORNELIUS PORTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed in part, reversed and remanded in part with instructions.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant and appellant Darrell Cornelius Porter of assault to commit a felony under Penal Code[1] section 220, subdivision (a), simple assault under section 240, and of two counts of attempting to dissuade a witness under section 136.1, subdivision (a)(2). In a bifurcated proceeding, the trial court found the allegation that Porter had a prior serious felony conviction for carjacking under Michigan law to be true and imposed second strike sentences to three counts, plus a consecutive five-year term as a prior serious felony enhancement under section 667, subdivision (a)(1).

On appeal, Porter contends that the evidence on which the prosecution relied was insufficient to support two separate convictions for attempting to dissuade a witness under section 136.1, subdivision (a)(2). Respondent does not disagree. We reverse the first conviction under section 136.1, subdivision (a)(2) and remand for resentencing.

Porter further contends that the true findings on the prior conviction allegations must be reversed because carjacking under Michigan law does not contain the same requirements as carjacking under California law, and there is insufficient evidence to support that his prior conviction qualifies as a serious felony. Respondent does not dispute that the elements of the California and Michigan carjacking offenses differ but argues that the only additional requirement for carjacking under California law as compared to Michigan law—that the taking of the motor vehicle must be in the victim's presence—was satisfied

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

here, as evidenced by a presentence investigation report that was admitted into evidence.

The trial court's role in establishing a prior conviction is "limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*People v. Gallardo* (2017) 4 Cal.5th 120, 136, fn. omitted (*Gallardo*).) There is no evidence in the record to support that Porter admitted the facts alleged in the presentence investigation report as the basis of his prior guilty plea. Moreover, the record indicates that the trial court relied solely on the California and Michigan statutes in reaching its determination that Porter's Michigan carjacking was a serious felony and strike. Thus, we reject respondent's contention that Porter's failure to raise an objection to the presentence investigation report below results in forfeiture and permits this court to find sufficient evidence of a prior serious felony based on the facts alleged in that report. We reverse the trial court's true findings on the prior serious felony allegations and remand to allow the court to assess, in a manner permissible under *Gallardo*, whether Porter's guilty plea in Michigan encompassed an admission of facts supporting the finding of a prior strike.

The judgment is otherwise affirmed.

## BACKGROUND

In September 2019, Porter and his girlfriend, I.B., broke up after dating off and on for roughly six months. On September 25, 2019, I.B.'s daughter, V.B., was home alone at the apartment she and I.B. shared. I.B. had instructed V.B. not to let Porter into the apartment. When Porter knocked on the apartment door,

3

V.B. told him he was not allowed in. Porter then entered through the front window. V.B. told him to leave and tried to push him out, but Porter pushed her back and V.B. fell to the floor. Porter proceeded to sit on top of V.B. and punched her in the legs. V.B. managed to get out from under Porter and tried to run away from him, ultimately ending up in her mother's bedroom. Porter began hitting V.B. again, and she moved to the bed, where Porter began trying to pull her pants off. V.B. begged Porter "don't do this" and tried to hold her pants up. During this struggle, Porter made sexual comments to V.B. and put his hand down the back of her pants. Porter ultimately stopped and told V.B. not to tell anybody what happened. V.B. escaped from the apartment and called the police. After attempting to flee, Porter was arrested.

Following this incident, I.B. received a letter from Porter in which he asked I.B. to "[h]ave her [V.B.] come to court and say I didn't do it." The letter further stated, "I'm begging you to come to court and do this or just don't come to court at all" and asked I.B. to "bring [her] daughter under [her] control."

Porter was charged with sexual penetration by use of force (§ 289, subd. (a)(1)(A); count 1); assault to commit a felony during the commission of a first degree burglary (§ 220, subd. (b); count 2); first degree burglary with a person present (§ 459; count 3); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 4); fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2; count 5); and two counts of attempting to dissuade a

4

witness (§ 136.1, subd. (a)(2); counts 6-7).[2] The information also alleged that Porter had one prior serious felony conviction for carjacking in Michigan within the meaning of the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12) and section 667, subdivision (a)(1).

The trial court granted Porter's motion to bifurcate the prior conviction allegations from the trial of the charges. The trial court dismissed count 1 before trial, and Porter pleaded guilty to count 5 during trial. The trial court also granted Porter's motion for acquittal under section 1118.1 as to the burglary allegation in count 2 and burglary charge in count 3. The jury convicted Porter in count 2 of assault to commit a felony (§ 220, subd. (a)), in count 4 of the lesser included crime of simple assault (§ 240), and in counts 6 and 7 of attempting to dissuade a witness (§ 136.1, subd. (a)(2)). At closing argument, the prosecution had tied counts 6 and 7 to two statements made in the letter Porter sent I.B.: "First . . . he tried to get [V.B.] to not cooperate and provide information by telling her to come to court and lie. . . . [N]umber 2, the other way in which he did this is on the back page he tries to tell [I.B.] to get [V.B.] under her control and get [V.B.] not to come to court."

During the bifurcated court trial on the prior serious felony conviction allegations, the court admitted into evidence certified court records from Michigan regarding Porter's prior conviction for a carjacking as well as certified Michigan Department of Corrections records including a fingerprint and photographs, and

---

[2] We refer to the counts as numbered in the information and abstract of judgment rather than as renumbered for the jury, as the parties did in their briefs.

a presentence investigation report containing a description of the prior offense. The trial court stated that the prosecution had "set forth to me the elements of the offense vis-à-vis the Michigan penal code" and found the California and Michigan carjacking statutes "fulfill the same elements making this a valid strike prior." The court held the priors to be true and concluded beyond a reasonable doubt that the Darrell Porter convicted of carjacking in Michigan and Porter were one and the same. At sentencing, the trial court imposed second strike sentences in counts 2, 5, and 6, and also imposed a consecutive five-year term under section 667, subdivision (a), resulting in a total sentence of 22 years four months.

Porter timely appeals.

## DISCUSSION

### A.     The Record Fails to Support Two Separate Convictions for Dissuading a Witness

Because the prosecution here tied the violation of section 136.1, subdivision (a)(2) to the contents of Porter's letter to I.B., Porter argues that the jury was required to decide these counts based only on the letter, which contains only one such violation. Respondent does not dispute that reversal of one of the two section 136.1, subdivision (a)(2) convictions is appropriate here. We agree.

" 'In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Ochoa*

6

(2009) 179 Cal.App.4th 650, 656-657.) We determine " 'whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged.' " (*People v. Crittenden* (1994) 9 Cal.4th 83, 139, fn. 13.)

Where the prosecution has tied a specific count to specific criminal acts in opening or closing argument, thus removing the need for a unanimity instruction, and "the defendant raises a substantial evidence challenge, our review is limited to whether there is sufficient evidence to support a conviction based exclusively on the act elected by the prosecution." (*People v. Brown* (2017) 11 Cal.App.5th 332, 341-342.)

Porter was charged with two counts of attempting to dissuade a witness in violation of section 136.1, subdivision (a)(2). The subdivision provides that any person who "[k]nowingly and maliciously attempts to prevent or dissuade any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law" shall be punished by imprisonment in a county jail for not more than one year or in the state prison. (§ 136.1, subd. (a)(2).) During closing argument, the prosecutor asserted that Porter committed these crimes through two requests made in his letter to I.B.: (1) that I.B. get V.B. "to come to court and lie"; and (2) that I.B. "get V[.B.] under her control and get V[.B.] not to come to court."

Porter argues that the first statement on which the prosecutor relied is insufficient to support a conviction under section 136.1, subdivision (a)(2) because asking V.B. to come to court and lie does not constitute an attempt to prevent or dissuade her from attending or giving testimony. Porter relies on *People v. Fernandez* (2003) 106 Cal.App.4th 943, in which the

7

defendant was convicted under section 136.1, subdivision (b)(1) after he asked his friend not to tell the truth about the defendant cashing the friend's disability check without his permission. (*Fernandez*, at p. 946.)  Although the defendant conceded that "his conduct was a violation of section 137, subdivision (c)," he argued that the subdivision under which he was charged, subdivision (b)(1), "does not purport to punish attempts to influence or prevent a witness's testimony, as he did in this case." (*Id.* at p. 947.)  Rather, subdivision (b)(1) concerns attempts to prevent the making of a report of victimization to certain law enforcement officials.  The court agreed, finding that "[s]ection 136.1, subdivision (b)(1) is not a catchall provision designed to punish efforts to improperly influence a witness," but is instead "one of several contained within part I, title 7, chapter 6 of the Penal Code (§§ 132-140), which establishes a detailed and comprehensive statutory scheme for penalizing the falsification of evidence and efforts to bribe, influence, intimidate or threaten witnesses." (*Id.* at p. 948.)  The court held that to uphold the defendant's conviction under section 136.1, subdivision (b)(1) "would disrupt the Legislature's carefully calibrated system of punishment which calls for his conduct to be treated as a misdemeanor under section 137, subdivision (c)." (*Id.* at p. 951.)

In this case, even if other evidence presented to the jury might have supported a second conviction under section 136.1, subdivision (a)(2),[3] and the portion of the letter asking V.B. to come to court and lie could have supported a conviction under

---

[3] For example, Porter concedes that V.B.'s testimony that he told her at the time of the incident not to tell anyone could provide another factual basis for the charge.

8

section 137, subdivision (c), we are required to determine whether there is any substantial evidence of the existence of each element of the offense charged based exclusively on the acts elected by the prosecution. (*People v. Crittenden*, *supra*, 9 Cal.4th at p. 139, fn. 13; *People v. Brown*, *supra*, 11 Cal.App.5th at pp. 341-342.) Here, only the second of the two statements relied upon by the prosecution sought to prevent V.B. from coming to court to testify. Accordingly, there is insufficient evidence to support two separate convictions under section 136.1, subdivision (a)(2). We reverse Porter's first conviction under count 6 and remand for resentencing.[4]

## B. The Evidence Is Insufficient to Support the True Findings on the Prior Serious Felony Allegations

To qualify as a strike, a prior conviction must be either a violent felony listed in section 667.5, subdivision (c) or a serious felony listed in section 1192.7, subdivision (c). (§§ 667, subd. (d) & 1170.12, subd. (b).) "A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined under California law . . . ." (§ 667.5, subd. (f).) The People are required to prove all elements of a sentence enhancement beyond a reasonable doubt. (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.)

---

[4] Because we find that we must reverse one of Porter's convictions under section 136.1, subdivision (a)(2) on the first ground urged by Porter, we need not reach his further claim (also undisputed by respondent) that reversal is required because the jury instruction as to one of the counts (count 6) erroneously listed the elements of section 136.1, subdivisions (b)(1) and (b)(2).

9

"On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence.  In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1067.)  If the prior offense is one that could be committed in multiple ways and the record of conviction does not disclose how the offense was committed, we "presume the conviction was for the least serious form of the offense." (*People v. Miles*, *supra*, 43 Cal.4th at p. 1083.)

Our high court has limited the facts in the record on which a court may rely in determining whether the prior offense qualifies as a serious felony.  In *Gallardo*, *supra*, 4 Cal.5th at page 136, the California Supreme Court examined the extent to which the United States Constitution's Sixth Amendment right to a jury limits a court's ability to add extra punishment based upon its own factfinding.  In a past case, defendant Gallardo had "entered a plea of guilty to assault under a statute that, at the time, could be violated by committing assault either with a 'deadly weapon' or 'by any means of force likely to produce great bodily injury.' " (*Ibid*.)  If the defendant used a deadly weapon, the assault constituted a strike under a "Three Strikes" law, which would increase her prison term.  (*Id*. at p. 125.)  However, the defendant had not specified that she used a deadly weapon when she entered her plea.  (*Id*. at p. 136.)  The trial court undertook a review of a preliminary hearing transcript in which the assault victim testified that the defendant had used a deadly weapon during the assault, and based upon the transcript, the court increased the defendant's sentence.  (*Id*. at p. 123.)  The

California Supreme Court found that "[a] sentencing court reviewing that preliminary transcript has no way of knowing whether a jury would have credited the victim's testimony had the case gone to trial." (*Id.* at p. 137.)  The defendant's jury trial right was therefore violated when the court added extra punishment based upon its review of the preliminary hearing transcript.  (*Id.* at p. 135.)

The California Supreme Court overruled its prior authorization allowing "trial courts to make findings about the conduct that 'realistically' gave rise to a defendant's prior conviction." (*Gallardo*, *supra*, 4 Cal.5th at p. 134.)  Thus, in considering whether to impose an enhancement based on a prior qualifying conviction, the "court's role is, rather, limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id.* at p. 136, fn. omitted.)  When a court engages in fact-finding beyond these limits, it violates the defendant's Sixth Amendment right to a jury trial. (See *id.* at pp. 133-137.)

Here, the amended information alleged that Porter had one prior felony conviction, a carjacking committed in Michigan in 2008.  Porter argues, and respondent agrees, that the elements of carjacking in California differ from the elements of carjacking in Michigan.  Under California law, carjacking is defined as "the felonious taking of a motor vehicle in the possession of another, *from his or her person or immediate presence*, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor

11

vehicle of his or her possession, accomplished by means of force or fear." (§ 215, subd. (a), italics added.)  Under Michigan law "[p]resence is no longer an element of the offense" of carjacking. (*People v. Jones* (Mich. Ct. App. 2012) 823 N.W.2d 312, 317.)[5] Accordingly, the trial court's conclusion the crimes of carjacking under California law and Michigan law consist of the "same elements" was error.  Because the Michigan statute could be violated in a way that does not qualify as carjacking under California law, there is insufficient evidence of a prior serious felony conviction based on the statutes.  (*People v. Delgado*, *supra*, 43 Cal.4th at p. 1066.)  However, this determination does not end the inquiry.

Respondent argues that the presentence investigation report in an exhibit submitted to the trial court, to which there was no objection, demonstrated that the carjacking took place in the immediate presence of the victims and thus established that the elements of a carjacking under California law were satisfied. Porter counters that there is no evidence in the record to support

---

[5] Michigan's statute provides:

"(1) A person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking . . . .

"(2) As used in this section, 'in the course of committing a larceny of a motor vehicle' includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the motor vehicle."  (Mich. Comp. Laws Ann., § 750.529a (2004).)

that he adopted the allegations in the report as the factual basis for his guilty plea. Respondent does not argue otherwise, and we find no evidence in the record to support that Porter did so. Thus, the trial court *would have* strayed beyond its permitted function of "identifying those facts that were established by virtue of the conviction itself" had it relied on the allegations in the presentence investigation report in finding the prior serious felony allegations to be true. (*Gallardo*, *supra*, 4 Cal.5th at p. 136.) It did not, however. The record indicates that the trial court made its true findings based solely on the California and Michigan statutes, not on the report.

Nevertheless, respondent contends that Porter forfeited any objection to the presentence investigation report he might have by failing to raise it below. " '[T]he purpose of the forfeiture rule 'is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.' " (*Unzueta v. Akopyan* (2019) 42 Cal.App.5th 199, 215; see *People v. Sandoval* (2007) 41 Cal.4th 825, 837, fn. 4 ["[a]n objection in the trial court is not required if it would have been futile"].) Had Porter raised a Sixth Amendment challenge, it would no doubt have been futile because there was no error on that basis below. In other words, because the trial based the enhancement solely on its perception that the crimes of carjacking in California and Michigan had the same elements, it was not making the error of relying upon the investigation report, and thus, there was no reason to raise a constitutional challenge on that basis. We therefore reject respondent's suggestion that, because Porter did not raise an objection before the trial court, this court may do what the trial court properly did not and rely on the report for factfinding purposes proscribed by *Gallardo*, *supra*, 4 Cal.5th 120.

13

We conclude that there is insufficient evidence of a prior serious felony conviction.  Accordingly, we reverse and remand for retrial on the prior conviction allegations.  (*People v. Scott* (2000) 85 Cal.App.4th 905, 914-915.)

## DISPOSITION

Porter's conviction in count 6 is reversed and the matter remanded for resentencing.  The true findings on the prior serious felony conviction allegations are reversed.  We remand to permit respondent to demonstrate to the trial court, based on a review of the record of the prior plea proceedings in a manner permissible under *People v. Gallardo, supra*, 4 Cal.5th 120, whether Porter's guilty plea encompassed a relevant admission about the nature of the crime.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED


MORI, J.[*]

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14