*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMON TYRONE YOUNGBLOOD,

        Defendant-Appellant.

UNPUBLISHED
July 13, 2023

No. 361967
Wayne Circuit Court
LC No. 20-004338-01-FH

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

Defendant appeals by right his bench-trial convictions of possession with intent to deliver 450 or more but less than 1,000 grams of cocaine (possession-with-intent-to-deliver), MCL 333.7401(2)(a)(*ii*), felon in possession of a firearm (felon-in-possession), MCL 750.224f, and four counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 7-1/2 to 30 years for the possession-with-intent-to-deliver conviction and 5 to 15 years for the felon-in-possession conviction, to be served consecutively to four concurrent two-year terms of imprisonment for the felony-firearm convictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On July 25, 2019, members of the Metro Area Narcotics Enforcement Team (NET) executed a search warrant at 9371 Auburn in Detroit, which was defendant's registered address. Officers found 541 grams of cocaine, narcotics-packaging materials, and two guns in the attic crawlspace. The officers also seized $2,290 and four cell phones from the first floor of the home. Before the execution of the search warrant, NET officers conducted two "trash pulls" from garbage cans outside the house, one on July 9 and another on July 23, 2019. Plastic baggies containing cocaine residue were discovered on both occasions.

At trial, defendant denied possessing the cocaine or firearms found in the house, or having any knowledge that contraband was stored there. Defendant's counsel argued that there was no direct evidence that defendant had engaged in any drug activity, and that the circumstantial

-1-

evidence was insufficient to prove that defendant possessed the drugs and firearms, which were hidden in a cubbyhole in the attic. The trial court found that the evidence at trial established that defendant was living in the home and had possessed the firearms and cocaine seized. Defendant was convicted and sentenced as described. This appeal followed.

## II. SEARCH WARRANT

Defendant argues that the search warrant was invalid because it was based only on uncorroborated hearsay from a confidential informant, that the information in the warrant was stale, and that it therefore failed to establish probable cause sufficient to support the issuance of the warrant. We disagree.

To properly preserve an issue for appeal, a defendant generally must make a timely objection in the trial court. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999). Because defendant did not move to suppress the evidence seized during the execution of the search warrant or otherwise challenge the validity of the search in the trial court, his challenges to the warrant's validity are unpreserved.[1] We review unpreserved constitutional claims for plain error affecting a defendant's substantial rights. *Id.* "Substantial rights are affected when the defendant is prejudiced, meaning the error affected the outcome of the trial." *People v Jones*, 297 Mich App 80, 83; 823 NW2d 312 (2012). The defendant has the burden of establishing entitlement to relief under plain-error review. *Carines*, 460 Mich at 763.

Defendant argues that the magistrate erred by finding probable cause to issue the search warrant, because the request for a warrant was based on the uncorroborated statements of a confidential informant. We disagree with defendant's characterization of the record and argument.

A search warrant may not issue unless probable cause exists to justify the search. US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651. "Probable cause sufficient to support issuing a search warrant exists when all the facts and circumstances would lead a reasonable person to believe that the evidence of a crime or the contraband sought is in the place requested to be searched." *People v Ulman*, 244 Mich App 500, 509; 625 NW2d 429 (2001) (citation and quotation marks omitted.) The judge's or magistrate's findings of probable cause must be based on the facts related within the affidavit. MCL 780.653; *Ulman*, 244 Mich App at 509. When an informant is unnamed within an affidavit, MCL 780.653(b) requires the affidavit to contain "affirmative allegations from which the judge or district magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable." In addition, a "warrant may issue on probable cause if the police have conducted an independent investigation to confirm the accuracy and reliability of the information regardless of the knowledge and reliability of the source." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). The affiant "must state the matters that justify the

---

[1] The record does not support defendant's claim that defense counsel raised this issue below. Indeed, during trial, defense counsel explicitly stated: "We're not challenging the search warrant. We didn't do that."

drawing of inferences," and "the affiant's experience is relevant to the establishment of probable cause." *Id*. at 698.

In this case, the affidavit accompanying the request for a search warrant was authored by Detective Phillip Wengrowski, who was assigned to the Michigan State Police Downriver Area Narcotics Organization (DRANO). Detective Wengrowski stated in the affidavit that he had completed several relevant specialized training courses, and had been involved in "hundreds" of drug investigations. Detective Wengrowski further stated in the affidavit that the confidential informant was registered and "has an established Record of Reliability."

Further, Detective Wengrowski explained in his affidavit how an independent police investigation supported the information provided by the informant. The informant identified defendant by his first name, identified the cars defendant drove as a black Dodge Challenger and a Dodge Charger, and reported that defendant sells "large amounts of cocaine" from 9371 Auburn. Detective Wengrowski conducted surveillance and observed both a black Dodge Challenger and a Dodge Charger at the residence. Detective Wengrowski confirmed defendant's identity by running a Secretary of State/Law Enforcement Information Network check that revealed that defendant's address was registered at 9371 Auburn, and he showed the informant a photograph of defendant and the informant confirmed his identity. Detective Wengrowski and other officers also conducted two trash pulls from outside the residence at 9371 Auburn within one month before requesting the search warrant, the last being within 24 hours of the request for and within 48 hours of the execution of the warrant. On both occasions, several ripped plastic baggies were discovered and residue inside the baggies tested positive for cocaine. Mail addressed to defendant at the Auburn address was also found during the first trash pull. Given this information, the affidavit clearly contained "affirmative allegations" to show that the informant "spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable." MCL 780.653(b). Consequently, defendant has not established plain error requiring reversal. *Carines*, 460 Mich at 763.

Defendant also argues that the information in the warrant was stale because too much time elapsed between the July 9, 2019 trash pull, when a receipt linking defendant to the residence was discovered, and the issuance of the search warrant approximately two weeks later. We disagree.

Although the passage of time is a valid consideration in deciding whether probable cause exists, " 'staleness' is not a separate doctrine in probable cause to search analysis. It is merely an aspect of the [overall] inquiry." *People v Russo*, 439 Mich 584, 605; 487 NW2d 698 (1992). The staleness of the information in support of a search warrant depends on the totality of the circumstances. *Id*. In determining whether information is stale, this Court considers factors such as the nature of the property sought, the place to be searched, and the character of the crime, i.e., "whether the crime is a single instance or an ongoing pattern of protracted violations [and] whether the inherent nature of a scheme suggests that it is probably continuing." *Id*. at 605-606; *People v McGhee*, 255 Mich App 623, 636; 662 NW2d 777 (2003). The main inquiry, however, is whether there was a substantial basis to conclude that there was a fair probability that evidence of a crime will be found in a particular place. *People v Brown*, 279 Mich App 116, 128; 755 NW2d 664 (2008).

In this case, Detective Wengrowski stated in his affidavit that after receiving information regarding defendant selling a large quantity of cocaine out of 9371 Auburn, he was able to confirm that defendant's registered address was 9371 Auburn. Detective Wengrowski and other officers conducted two trash pulls from outside of 9371 Auburn within approximately two weeks before requesting the search warrant, the last being the day before issuance of the warrant. Several ripped plastic baggies "that are commonly used as packing for narcotics" were discovered on both occasions, and residue inside the baggies tested positive for cocaine. Defendant makes much of the fact that no proof of his residency was found during the second trash pull on July 23, unlike during the first trash pull on July 9. But defendant ignores that Detective Wengrowski stated that he was able to confirm defendant's identity as the person whom the confidential informant identified as selling drugs from 9371 Auburn, and that defendant was a registered owner at that address. There was no evidence presented that defendant had moved out after July 9 and before July 23. Additionally, considering the discovery of cocaine and narcotics-packaging materials on both July 9 and 23, the affidavit contained facts showing that there was a fair probability that a drug trafficking operation was continuing at the time the warrant was requested. *Brown*, 279 Mich App at 128. Considering the continuing nature of the crime of drug trafficking and the ongoing investigation, the information supporting the search warrant was not stale. Defendant has not established plain error requiring reversal. *Carines*, 460 Mich at 763.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises three additional issues in his Standard 4[2] brief. We conclude that each lacks merit.

## A. UNLAWFUL ARREST

Defendant argues that he was unlawfully arrested at the time the officers arrived to execute the search warrant. Defendant did not challenge the validity of his arrest in the trial court. Accordingly, we review this unpreserved issue for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

A warrant is not required to make a felony arrest when a police officer possesses information demonstrating probable cause to believe that a felony offense has occurred and that the defendant committed it. MCL 764.15(c); *People v Cohen*, 294 Mich App 70, 74-75; 816 NW2d 474 (2011). "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019), quoting *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). A court's review of probable-cause determination is based on the totality of the circumstances before the arresting officers. *Cohen*, 294 Mich App at 75.

---

[2] A pro se supplemental brief by a criminal defendant filed under Supreme Court Administrative Order No. 2004-6, Standard 4.

In this case, the police arrested defendant when they encountered him in his home during the execution of a search warrant, the validity of which defendant did not challenge below and which, as discussed, we have found to be valid. The search warrant specifically allowed for law enforcement "to detain in handcuffs all the subjects present at the residence[] during the search warrant's execution." A tactical team removed defendant from the house and detained him during the execution of the warrant. Defendant was arrested and booked after a significant quantity of cocaine as well as other indicia of drug trafficking and firearms were found in the house. Under these circumstances, there was sufficient probable cause for the officers to believe that the felony crime of cocaine possession with intent to deliver had been committed and that defendant was the one who had committed it. *Cohen*, 294 Mich App at 74-75. Defendant has not established plain error requiring reversal. *Carines*, 460 Mich at 763.

## B. *MIRANDA* RIGHTS

Defendant also argues that his right against self-incrimination was violated because the police failed to advise him of his *Miranda*[3] rights before questioning him. We disagree. Both the Michigan Constitution and the United States Constitution guarantee the right against self-incrimination. US Const, Am V; Const 1963, art 1, § 17. Statements of an accused made during custodial interrogation are inadmissible unless the accused voluntarily, knowingly, and intelligently waived his Fifth Amendment rights. *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966); *People v Gipson*, 287 Mich App 261, 264; 787 NW2d 126 (2010). In this case, defendant's argument is somewhat perplexing. Defendant provides a citation to the preliminary examination transcript that indicates that *Miranda* warnings were provided before he was questioned. Therefore, the record does not support defendant's argument that the police questioned him without advising him of his *Miranda* rights. In any event, none of defendant's statements were admitted at trial, so there is no reasonable likelihood that his statements caused his convictions. Defendant has not established a plain error that affected his substantial rights. *Carines*, 460 Mich at 763-764.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, defendant argues that his trial counsel was ineffective. We find that defendant has abandoned this argument.

Defendant lists eight reasons why he believes his counsel was ineffective, but he has not provided any meaningful argument or citation to legal authority in support of his claims. Criminal defendants appearing *in propria persona* are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972); see also *People v Herrera*, 204 Mich App 333, 339; 514 NW2d 543 (1994). But this less-stringent standard does not eliminate the requirement that a defendant provide factual and legal support for his claims and an understandable argument. See *Estelle v Gamble*, 429 US 97, 106-108; 97 S Ct 285; 50 L Ed 2d 251 (1976). "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627,

---

[3] *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

640-641; 588 NW2d 480 (1998). A defendant abandons his claims when he fails to make a meaningful argument in support of his position. See MCR 7.212(C)(7); *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). In this case, we conclude that defendant's claims have been abandoned.

Affirmed.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Michelle M. Rick